TOWLE *vs.* HOIT.

A deed of land, with a secret trust securing a substantial interest to the grantor, is fraudulent as to creditors, and void.

Being void, it cannot operate to merge a prior mortgage on the same property, made, and held by the grantee, in good faith.

One who has paid money due upon a mortgage of land, to which he had a title which might have been defeated thereby, has the right to hold the land as if the mortgage subsisted, until he shall have received the money due on it from some one who is entitled to redeem.

And this, even where he holds a regularly executed discharge of the mortgage.

PLEA OF LAND, situated in Meredith, containing fifty-four square rods.

The plaintiffs claimed said premises by virtue of a levy upon the same, made on an execution issued at the February term of the C. C. P., 1841, against J. P. Hill. The regularity of the levy was not contested, but there was some evidence tending to show that said execution was for $50 beyond the actual indebtedness of said Hill. The court ruled that this objection could not be taken advantage of in this action.

The defendant, to show title in himself, introduced evidence of a mortgage of the premises to one Gordon, dated March 28, 1840, to secure $100; also, a mortgage of the premises from said Hill to himself, dated October 5, 1840, to secure $224, and a warranty deed of the same, from said Hill to himself, dated December 28, 1840, for the consideration of $600.

The defendant proved that he paid the amount due on the Gordon mortgage July 11, 1841, and that a discharge was executed on the back of the same. He contended that notwithstanding said discharge, the title under said mortgage vested in him, and constituted a sufficient defence against the present action, if the other evidence failed. He also contended that the second mortgage gave him a good title, if the warranty deed failed to do so.

The plaintiff undertook to show that the defendant's title, as consummated by the warranty deed, was fraudulent and void as to creditors. Said Hill, called as a witness for the plaintiff, testified that both said mortgages were given in good faith, as security for the sums named, and which were actually advanced;—that being in want of more money, he called on the defendant and proposed to deed to him the demanded premises, if the defendant would let him have some;—that he wanted $200, and told the defendant that the property cost him $1000;—that the defendant said he would let him have the money if he could have an absolute deed, and that if witness would at any time repay the money and interest, he would re-deed the land;—that thereupon he (the witness) replied that he wished the arrangement made in that way, as he was indebted and expected to be sued, and wished to save costs, and that the deed was made with this understanding. The consideration expressed in the deed was $600. The witness received $165 cash, and the defendant's note for $35. The note was soon after returned to the defendant, or his son for him, without payment.

The defendant offered some evidence in contradiction of Hill's testimony, and this question was submitted to the jury, viz: whether the warranty deed was executed with a secret trust in fraud of creditors. The court, for the purposes of the trial, ruled that if it were so, that conveyance consummated the title of the defendant, and that the previous mortgage to him, being a lesser estate, became merged in said deed, so that it could not be set up as a distinct title of said property;—that the mortgage to Gordon, having been paid and discharged, was invalid as against the plaintiffs;—and farther, that if either of said mortgage deeds might, under some circumstances, be set up to effect the purposes of justice, it could not be allowed in this case, to sustain a title which was ultimately perfected in wrong, and was fraudulent.

The jury returned a verdict for the plaintiff, and the de-

fendant moved to set the same aside, for misdirection in the aforesaid matters.

*James Bell*, for the defendant. The court erred in ruling that the including of the $50 in the judgment could not be examined into. If the plaintiff had included in his judgment $50 more than was due him, he was not a *bona fide* creditor; and even if done by mistake, he is not a creditor who has a right to contest the defendant's title.

The doctrine of merger does not apply in the matter of the mortgages and subsequent deed. It is sufficient if the party suffers the loss of the advances he made when he took the fraudulent title. As there was no agreement to surrender the mortgages, the party might rely upon the first mortgage, if that was material. But it is not.

*Lyford*, for the plaintiff. The court did not err in their ruling in the matter of the $50.

The mortgage to Gordon was taken up by agreement between Hoit and Hill; it was not an assignment; there was no intention that it should be.

The counsel cited 16 *Maine R.* 146, *Hatch* vs. *Kimball ; Ditto* 158, *Stearns* vs. *Godfrey ;* 3 *Greenl.* 260, *Freeman* vs. *Paul.*

PARKER, C. J. Cases which go to shew the warranty deed given the defendant in this case to be void as against creditors, are numerous. 6 *N. H. Rep.* 67, *Smith* vs. *Lowell ;* 8 *Ditto* 38, *Parsons* vs. *McKnight ; Ditto* 44, *Carlisle* vs. *Rich ;* 9 *Ditto* 31, *Winkley* vs. *Hill ;* 10 *Ditto* 150, *Tifft* vs. *Walker ;* 11 *Ditto* 459, *Smith* vs. *Smith ;* 12 *Ditto* 396, *McConihe* vs. *Sawyer ;* 15 *Mass. R.* 210, *Goodwin* vs.*Hubbard ;* 16 *Pick. R.* 553, *Platt* vs. *Brown ;* 3 *Met. R.* 26, *Howe* vs. *Bishop.* But being thus void, it cannot have operated to merge the second mortgage, which ran directly to the defendant. The deed was simply void against creditors,

by reason of the understanding between Hill and the defendant. The transaction had nothing in its nature to taint any prior contract, made in good faith between the parties, as to the same property. The defendant cannot be said to have forfeited his valid claim, by taking another which is invalid. There was no connection between them, and there does not appear to have been any agreement between the parties for the discharge of this mortgage. The deed and the mortgage are separate sources of title, and each is to be judged by itself.

As to the mortgage to Gordon, it being an incumbrance on the estate prior to that held by the defendant, he had the right to and might well pay it up, for the protection of his own title, and *tack it,* as it were, to his own. In other words, he may hold the mortgage as if it had been assigned to him, until he shall have received the money due on it, from some one who is entitled to redeem. This is entirely in conformity with the principles laid down in *Robinson* vs. *Leavitt,* 7 *N. H. Rep.* 73, 100, 101, 110, and in the cases there cited.

There is no trace whatever of any agreement to the contrary. There is nothing to show why he should pay up a mortgage and have it discharged for the benefit of others. It was not his duty to do so, and we cannot presume it to have been his intention. Whether it was his intention or not, is, however, not material, as the defendant is entitled to hold under his other mortgage, and has made out a good defence upon that.

*Verdict set aside.*