# HILLSBOROUGH,

## JULY TERM, A. D. 1852.

### WHITTEMORE v. GIBBS.

A mortgage of real estate is an incident to the debt secured thereby, and will pass by a parol transfer of the debt, without any conveyance by deed or writing. A mortgage of personal property is also but an incident to the debt, and will pass in the same way. A transfer of the note secured by the mortgage is, *ipso facto*, a transfer of the mortgage.

An agreement to sell a promissory note and mortgage is not within the statute of frauds, and need not be in writing.

Promissory notes are not embraced in the terms " goods, wares or merchandize," as used in the statute of frauds.

An agreement to transfer all the interest which a party has to real estate which he holds as tenant at will, is not within the statute of frauds. A tenant at will has not such an interest in real estate as can be assigned, and an agreement to transfer his right is not a contract for the sale of lands.

ASSUMPSIT. The declaration was special, and in the following words : " For that said Gibbs, at Manchester, on the 30th day of January, 1849, agreed with and promised said Whittemore to sell and deliver to him a certain mortgage which he, the said Gibbs, then held against one S. F. Stanton, of Nashua, and given by said Stanton to one William Goodnow, and relinquish all of his claim in and to a certain machine shop in said Manchester, situated on Manchester street, and owned by Baldwin and Stevens ; and also that he, the said Gibbs, would not do or cause to be done, any such custom work in said Manchester or its vicinity, as was done at that time in said shop, so long as the said Whittemore and Stevens should do business in said shop, in considera-

tion that the said Whittemore had promised and agreed with the said Gibbs to pay him seventy-five dollars on or before the exe-cution of said agreement on the part of said Gibbs ; one hundred dollars within seven days from the execution of said agreement ; being the amount on the first note described in said mortgage, and interest on the same, and the balance of said mortgage within forty days from the execution of said agreement on the part of said Gibbs.

" And the plaintiff avers that he was ready and offered to pay to the defendant said sum of seventy-five dollars on the execu-tion by him of said agreement on his part, and to give security for the payment of said sum of one hundred dollars and interest on said note, within the seven days above stated ; and also the balance of said mortgage within the forty days above mentioned. Yet the said defendant refused to perform his agreement as aforesaid."

The plaintiff offered parol evidence tending to sustain his dec-laration. It appeared that the defendant and Stanton were in possession of the shop mentioned in the declaration, carrying on business as machinists, under a verbal agreement with the owners that they might occupy the premises as long as both parties could agree, at a rent of $200 a year, and this was all the interest the defendant had in the shop. The defendant held a note against Stanton, on which about $500 were due, secured by a mortgage of the machinery in the shop ; and this note and mortgage are the same mentioned in the declaration.

The defendant objected that the contract was within the stat-ute of frauds. The jury assessed the damages for the non-per-formance of the agreement at $75. A verdict for that sum was taken, by consent, upon which judgment is to be entered, or the judgment is to be rendered for the defendant, as the superior court may direct.

*Morrison & Fitch*, for the defendant. We contend that the contract on which this action was founded is within the statute of frauds.

The words, "goods, wares and merchandize," of the statute, are broad enough to embrace promissory notes, and in fact every variety of personal property. The intention of the act is to prevent fraud and perjury; and to exempt any class of personal property from its operation, would be, as to that class, to defeat the objnct of the law. *Tisdale* v. *Harris*, 20 Pick. Rep. 9 ; *Baldwin* v. *Williams*, 3 Met. Rep. 365 ; *North* v. *Forest*, 15 Conn. Rep. 400.

The case shows that the contract was not for the sale of the note and mortgage only, but the intention was to pass the property mortgaged, and also the defendant's right in the shop.

*W. C. Clarke*, for the plaintiff. A parol contract to transfer a certificate of the entry of a tract of land is not within the staute of frauds. *Reed* v. *McGreer*, 5 Hammond's Rep. 275. So a promise to pay for the improvements upon land, is not within the statute of frauds, and is valid without writing. *Benedict* v. *Beebe*, 11 Johns. Rep. 145. And an agreement to remove a fence, and open a road to its original width, is not an agreement concerning an interest in lands.

In this State a license or privilege to be exercised upon land is not within the statute of frauds, and may be granted without a contract in writing. *Woodbury* v. *Parshley*, 7 N. H. Rep. 237. And a license to build and maintain a bridge on another's land may be proved by parol, and is not an interest in land within the statute. *Ameriscoggin Bridge* v. *Bragg*, 11 N. H. Rep. 102.

These authorities we think show that this contract was not within the statute of frauds.

To the point that the note and mortgage are not within the scope of the words of the statute, " goods, wares and merchandize," we cite *Humble* v. *Mitchell*, 3 Perry & Davison's Rep. 141 ; 11 Adolph & Ellis 207 ; *Hornblower* v. *Proud*, 2 B. &. Ald. 327.

There are some cases in Massachusetts against us, but they are against the English decisions, and we think also against the law of this State.

EASTMAN, J. The contract upon which this action is founded is as follows : The defendant, for a good consideration, agreed to sell and deliver to the plaintiff a note of hand, secured by a mortgage of machinery in a shop in Manchester, together with the mortgage ; and also to relinquish to the plaintiff all his claim to the shop ; and further, not to do any custom work in Manchester or vicinity, such as was then done in the shop, so long as the plaintiff and one Stevens should do business there. Such is the substance of the agreement.

The contract was proved by parol evidence, and the objection to the recovery upon it is that it should have been in writing, and is within the statute of frauds.

The object of the agreement appears to have been to obtain possession of the shop and machinery, for the purpose of carrying on business in Manchester without competition from the defendant. And the most important part of the contract would seem to be the transfer of the mortgage.

It is settled in this State, by a train of authorities not to be questioned, that a mortgage of real estate is a mere incident to the debt for the security of which the mortgage is given ; that a transfer of the debt, *ipso facto*, transfers the mortgage ; that a parol transfer is good, and that an assignment by deed or writing is not necessary. *Southerin* v. *Mendum*, 5 N. H. Rep. 420 ; *Glass* v. *Ellison*, 9 N. H. Rep. 69 ; *Ellison* v. *Daniels*, 11 N. H. Rep. 274 ; *Rigney* v. *Lovejoy*, 13 N. H. Rep. 247.

In *Southerin* v. *Mendum*, *Richardson*, C. J., says, " We are aware that in Massachusetts the subject is viewed in some respects in a different light, and that it is there held that the interest of a mortgagee cannot be assigned by an assignment of the debt without writing, because the case is within the statute of frauds ; but in this State the right of the mortgagee in the land is extinguished under our statute by payment, or tender of payment, even after condition broken. And we are of opinion that the interest of the mortgagee passes in all cases with the debt, and that it is not within the statute of frauds, because it is

a mere incident to the debt, has no value independent of the debt, and cannot be separated from the debt.

A mortgage of personal property cannot possess any higher validity, or require any greater solemnity of form in the sale and transfer, than does a mortgage of real estate. It is but security for the debt, and may pass to the assignee, with the note which it secures, by parol agreement and delivery, in the same manner as a mortgage of real estate. An assignment of the mortgage without the debt passes nothing. If then the delivery of the note in question in this case would transfer the mortgage, and an assignment in writing is not necessary, the point seems narrowed down to this, Is an agreement to sell a promissory note within the statute of frauds? In other words, is a promissory note to be classed under the head of either goods, wares or merchandize, within the meaning of the statute of frauds, so that an agreement to sell the same must be in writing?

So far as we have been able to discover, there are but few decisions to be found which bear directly upon this question, and those are not in unison with each other. A promissory note is neither goods, wares nor merchandize, in the common and ordinary sense of those terms. It is only by giving them a broad and unusual signification, that bills of exchange and notes of hand can be included; and such a signification we are not inclined to adopt. We think there is no occasion for extending the construction so as to include matters which are not within the well understood meaning of the statute; and the defence that the agreement to sell the note and mortgage was within the statute, cannot avail.

The other matters embraced in the contract are not particularly relied upon. No allusion was made in the argument to that part of the agreement which related to the forbearance to carry on the business in Manchester; and we discern nothing in it which can be affected by the statute.

As to the interest which the defendant had in the shop, it was not such as could be assigned. He was only a mere tenant at will, and the interest of a tenant at will is not a matter of bar-

gain and sale or assignment; and a transfer will give the purchaser no right that he can hold. The argument, then, to relinquish the claim to the shop was not a contract for the sale of lands and was not within the statute of frauds.

*Judgment on the verdict.*