## WILSON *v.* KIMBALL.

A mortgage of real estate may be assigned without deed or writing, by a parol transfer of the mortgage and debt secured therein.

If a formal assignment of a mortgage be made upon the mortgage itself, accompanied by a delivery of the debt, it is unnecessary that the assignment be acknowledged or recorded.

Where A. purchased a mortgage of B. which, together with the note secured therein, was formally assigned to A., but the assignment was not acknowledged or recorded—*Held*, that A. could maintain a writ of entry against the mortgager, or any one holding the premises by a title acquired subsequent to the execution of the mortgage.

Payment of a debt secured in a mortgage may operate either as a discharge or as an assignment of the mortgage, as may best subserve the purposes of justice; and this, even if the mortgage be formally discharged.

Where A., the purchaser of land, paid a subsisting mortgage upon the same; and it was duly discharged both upon the mortgage and the record, and B., the assignee of another but subsequent mortgage, brought a suit against A. to recover the premises—*Held,* that the mortgage paid by A. might be treated as assigned to him and not discharged; and that under it he could successfully defend against B. until B. should pay the same.

WRIT OF ENTRY, dated October 10, 1851. The following facts were agreed upon by the parties.

On the 6th of October, 1843, Charles S. Perkins owned the demanded premises in fee, and on that day mortgaged the same to Jefferson Rockwood and James Leach, to secure to them the payment of $300, to be made in several payments of $60 each, at the expiration of one, two, three, four and five years respectively, with interest annually, and gave his five notes for the same sums, of the same date, and payable to Rockwood and Leach, or order, at the several times before specified. This mortgage was duly recorded January 12, 1844.

On the 22d day of November, 1844, Perkins mortgaged the same premises to one Thomas Chase, to secure him against his liability on a note of that date, signed by Perkins as principal and Chase as surety, payable to Ebenezer Converse on demand with interest annually, and to indem-

nify Chase from all costs, trouble and expense on account of his signing said note. This mortgage was duly recorded November 23, 1844.

On the 26th day of November, 1844, said Perkins mortgaged the same estate to Jane L. Perkins, his mother by her adoption, to secure the payment of $700, and gave his note for the same sum, payable to her or order on demand with interest annually. This mortgage was duly recorded ; and the note therein described, having been first indorsed by the said Jane L. Perkins, was, together with the mortgage, delivered to the demandant on the 20th of September, 1847, the demandant having paid a full consideration therefor.

On the back of the mortgage was the following assignment: " Know all men by these presents, that I, Jane L. Perkins of Nashua, in the county of Hillsborough and State of New Hampshire, for and in consideration of the sum of seven hundred dollars, to me paid by Robert Wilson of Keene, in the county of Cheshire and State aforesaid, the receipt whereof I hereby acknowledge, do make over and assign to the said Wilson, his heirs, executors and assigns, all the right and title which I now possess in the within mortgage, to have and to hold the same on the same terms and conditions as I now hold them. Jane L. Perkins, (seal.) Roxanna Smith, C. Porter Richardson, witnesses." This assignment was not acknowledged or recorded.

The following words and figures were indorsed on the note: " Sept. 1, 1847, received interest of the within in full to date." " Pay the contents of the within to Robert Wilson. Sept. 20, 1847. Jane L. Perkins."

On the 20th day of June, 1850, Charles S. Perkins conveyed the demanded premises, with other estate, by deed of that date, in fee to the tenant, in consideration of the sum of $1500, in which deed are these words : " It being understood, however, that said premises are subject to a mortgage running to Rockwood and Leach, of about $350,37, which it is understood said Kimball assumes to pay."

This deed was recorded June 24, 1850. At that time the tenant had no knowledge of the assignment of the mortgage by Jane L. Perkins to the demandant, but was assured by Perkins, and believed, that the mortgage by Charles S. Perkins to Jane L. had been paid and satisfied and was lost, and that the same should soon be discharged on the record in form, in the same manner as it was afterwards discharged. This discharge was made in accordance with the contract of purchase by the tenant with Perkins, on the margin of the record of the mortgage in the registry of deeds, and was in the words and figures following, to wit: " Amherst, June 26, 1850—Know all men by these presents that in consideration that the condition of this mortgage has been fulfilled by the payment of the money secured thereby, I hereby release and forever quitclaim all my right and title to the premises described in this mortgage, and discharge the same in full. Jane L. Perkins. (Seal.) Witness, Wm. Wetherbee, Register." At the same time a note bearing the same date and for the same sum, signed by Charles S. Perkins, and payable to Jane L. or order, and in all respects in the same words and figures as the note described in and secured by the mortgage from Charles S. Perkins to Jane L. was delivered to the tenant, and also possession of the demanded premises.

On the 20th day of May, 1844, Rockwood assigned his interest in the mortgage to Rockwood and Leach to Leach, and on the 19th of October, 1850, the tenant paid to Leach the sum secured by this mortgage, with annual interest, according to the tenor of the notes therein named, except the note which first became payable, which had been paid by Perkins ; and Leach made and executed a discharge on the mortgage as follows, to wit: " Nashville, October 19, 1850, received the contents of this mortgage and the notes disannulled in the condition, in full satisfaction of this mortgage deed. James Leach." This discharge was recorded on the margin of the record on the 21st of October, 1850, and the

mortgage and the four notes named therein, payable in two, three, four and five years from date, were delivered to the tenant, and are now held by him, together with Rockwood's assignment.

The mortgage to Chase was discharged by him on the back thereof, in the words and figures following, to wit: " Whereas the within named Charles S. Perkins has given me other security to indemnify me against the note described in the within mortgage for which this mortgage was given, I now discharge the said mortgage, and the register of deeds for the county of Hillsborough is requested to discharge the same on the records of said county. Thomas Chase. Nashua, June 1, 1850. Attest, J. & T. Snow."

The " other security " named in the discharge was one of the notes given by the tenant to Perkins, in part payment of the $1500 above named; the note being for $500, dated June 1, 1850, payable to Perkins or order, in one year, with interest, and by him indorsed and delivered to Chase. This note the tenant paid to Chase, through the bank, at its maturity, and the mortgage, at the time of its discharge, was delivered to the tenant, and is now held by him. The discharge of the mortgage was recorded, and Chase subsequently paid and took up the note to Converse.

The demandant for more than ten years past has lived in Keene, in the county of Cheshire, and had no knowledge of any of the foregoing conveyances until after they were executed and recorded.

*Farley & Bancroft*, for the defendant.

The tenant is rightly in possession of the demanded premises, under the mortgage from Jane L. Perkins to Rockwood and Leach, and also under the mortgage from Perkins to Chase, and the plaintiff cannot for that reason maintain his action. *Marsh and wife* v. *Rice*, 1 N. H. Rep. 167; *Rundlett* v. *Otis*, 2 N. H. Rep. 167; *Willard* v. *Harvey*, 5 N. H. Rep. 252; *Robinson & a.* v. *Leavitt*, 7 N. H.

Rep. 99, 100, 101; *Bailey & a.* v. *Willard*, 8 N. H. Rep. 429.

2. The defendant having purchased the demanded premises without knowledge of the assignment of the mortgage by Jane L. Perkins, that assignment never having been acknowledged or recorded, and with the full assurance of the party in possession of the estate owning the equity of redemption that the mortgage had been paid, satisfied and lost, and that the same should be discharged by the mortgagee, as was afterwards done in the registry of deeds, in the words set out in the statement of facts, and having delivered into his possession a note apparently the same secured by the mortgage, the assignment of the mortgage, as against the defendant, between him and the plaintiff, is void; and the defendant is a *bona fide* purchaser of the premises, for a valuable consideration, without notice of the claim of the plaintiff, and entitled to protection; and therefore the plaintiff cannot maintain his action.

*Atherton & Sawyer*, for the plaintiff.

EASTMAN, J. The demandant and tenant both claim title to the premises from Charles S. Perkins, who was the owner of the same December 6, 1843. The demandant's title is that of assignee of the mortgage from Charles S. Perkins to Jane L. Perkins, dated November 26, 1844; for which he paid a good consideration; and there is no suggestion that the consideration between the original parties to the mortgage was not also good.

The mortgage was duly signed and acknowledged by Charles S. Perkins, the mortgager, and legally recorded. This was public notice of its existence, not only to purchasers and creditors, but to all who might in any way be interested in the matter. In the hands of Jane L. Perkins it was, until fully satisfied, effectual against any after-acquired title.

An assignment of the mortgage in due form was made by the mortgagee to the demandant, and the note regularly indorsed to the plaintiff, was, together with the mortgage, duly delivered to him. By this transfer and delivery the demandant succeeded to all the rights of Jane L. Perkins in the note and mortgage, and was clothed with all the powers to inforce it. It was not necessary that the assignment should be acknowledged and recorded to make it valid, since the execution of the assignment itself was unnecessary in order to pass the mortgagee's interest. Until proceedings are had for the purpose of inforcing a mortgage, the interest of the mortgagee may be assigned without deed, by a parol transfer of the debt and mortgage. *Rigney* v. *Lovejoy*, 13 N. H. Rep. 247; *Southerin* v. *Mendum*, 5 N. H. Rep. 420; *Runyan* v. *Mersereau*, 11 Johns. 534; *Jackson* v. *Blodgett*, 5 Cowen 202; *Green* v. *Hoit*, 1 Johns. 580.

This title or interest of the demandant in the premises was acquired September 20, 1847, and, as a mortgage, was perfect; subject to the prior mortgages to Rockwood and Leach, and to Chase. It was sufficient to maintain the action against any person in possession of the premises, unless he held by a title paramount to the mortgage. *Wheeler* v. *Bates*, 1 Foster's Rep. 460.

The conveyance of the premises by Charles S. Perkins to the tenant was in June, 1850, and of course nearly three years subsequent to the time when the demandant acquired his title. At the time of this conveyance to the tenant, the records of the county showed the existence of the several mortgages to Rockwood and Leach, to Chase, and to Jane L. Perkins; and the title which the tenant then acquired was consequently subject to the incumbrances. The ground taken by the counsel, that the tenant is a *bona fide* purchaser, without notice, and should be protected, would perhaps be sufficiently answered by the fact stated in the case, that the demandant resided in another county, and was ignorant of the conveyance; but, as before stated, it was un-

necessary to have the assignment made in writing, or re-corded, much less would it be required of an assignee to seek out and notify every one who might subsequently acquire an interest in the premises, that he held a mortgage upon them.   The records are the guide by which purchasers must generally be governed, and so long as a mortgage remains uncancelled upon them, the presumption is that it is an incumbrance upon the land.

Of the mortgages upon the demanded premises, it appears that one only was specified in the deed to the tenant, that of Rockwood and Leach.   It was probably arranged between the parties at the time of the sale, that the Chase one should be taken off with a part of the purchase money, as was afterwards done ; but in regard to the demandant's mortgage, it is plain that a fraud was practised upon the tenant by Charles S. and Jane L. Perkins.   The representation that this mortgage was paid and lost was false, and the attempt to cancel the same was an infamous piece of knavery.   But this was no fault of the demandant.   He had left no duty unperformed.   He had paid a full consideration for the mortgage and note, and was entitled to all the benefits that they conferred, and the fact that the tenant was deceived and defrauded, should not be visited upon the demandant, who had in no way been connected therewith.

As against the demandant, then, the tenant is remediless, unless his payment of the mortgage to Rockwood and Leach, and his furnishing funds to remove the Chase mortgage, can enure to his benefit.   The Rockwood and Leach mortgage was dated December 6, 1843, about a year prior to that under which the demandant claims, and was duly recorded.   In October, 1850, the tenant paid this mortgage, and it was regularly discharged, both on the mortgage and on the record ; and the mortgage, and notes secured by it, were delivered to the tenant.   Did this payment and discharge operate to destroy the mortgage, and all powers un-

der it, or can it be held to be still in force for the protection
of the tenant ?

In *Robinson* v. *Leavitt*, 7 N. H. Rep. 100, it was said that
payment of the debt secured in a mortgage may operate
either as a discharge or an assignment, as may best serve
the purposes of justice; and that he who pays the debt as
assignee may consider it as a lien on the land, so far as jus-
tice may require, in the same manner as if the debt had ac-
tually been assigned.    The same principle is recognized in
*Bailey* v. *Willard*, 8 N. H. Rep. 429, and in *Rigney* v.
*Lovejoy*, 13 N. H. Rep. 252.    In the latter case, *Parker*, C.
J., says that payment of the debt by a third person, hav-
ing an interest to protect, may operate as an assignment,
even if the mortgage be formally discharged.

  In *Towle* v. *Hoit*, 14 N. H. Rep. 61, it was decided that
one who has paid money due upon a mortgage of land, to
which he had a title which might have been defeated there-
by, has the right to hold the land as if the mortgage sub-
sisted, until he shall have received the money due on it,
from some one who is entitled to redeem.    And this, even
where he holds a regularly executed discharge of the mort-
gage.    The same doctrine is laid down in *Starr* v. *Ellis*, 6
Johns. Ch. Rep. 395; *Pratt* v. *Law*, 9 Cranch 498; *James*
v. *Morey*, 2 Cowen 246; *Barker* v. *Parker*, 4 Pick. 505;
*Lockwood* v. *Sturtevant*, 6 Conn. Rep. 374; *Thompson* v.
*Chandler*, 7 Greenl. 377; and in various other cases that
might be cited.

  Upon these principles and authorities it is clear that the
tenant, having paid the Rockwood and Leach mortgage, is
entitled to hold the same for his protection, and that an ac-
tion cannot be sustained by the demandant against the ten-
ant until he pays the amount of this mortgage.    This re-
quirement is founded in sound equitable principles, and
does injustice to no one.    The demandant's mortgage was
subject to the Rockwood and Leach mortgage, and this he
knew, or might have known, at the time he purchased it of

Jane L. Perkins. It therefore imposes no hardship upon him to require that he shall cancel the Rockwood and Leach mortgage before he can recover the land.

Whether the principles which we have laid down as applicable to the Rockwood and Leach mortgage can be made to apply to the Chase mortgage, need not now be examined. The latter, however, appears to stand upon somewhat different grounds from the former, but we do not propose to investigate them, since, with the views expressed, there must be .

*Judgment for the defendant.*