SANBORN v. ROBINSON.

A mortgage of real estate, witnessed by only one witness, is sufficient to convey the title as between the parties, and all others who had actual notice of the existence of such mortgage.

WRIT OF ENTRY by Thomas Sanborn against James H. B. Robinson (and George W. Osgood admitted as defendant). The parties agreed upon the following statement :

October 11, 1870, Jonathan B. Kelley owned the demanded premises. Upon that day he mortgaged the premises to Josiah R. Dearborn, to secure a note of even date for six hundred dollars. This mortgage, at the time of its execution, was attested by only one witness. It was acknowledged October 11, and recorded October 15, the record as then made showing only one witness. October 13, 1870, Kelley sold to Robinson and took a mortgage back the same day to secure a note of five hundred dollars. At the close of the description in this mortgage are the following words in parenthesis :

$$\left( \begin{array}{c} \text{of six hundred dollars} \\ \text{said premises are subject to a former.} \end{array} \right)$$

This mortgage (Robinson to Kelley) was recorded October 21, 1870. November 1, 1870, Kelley sold and transferred the mortgage note to George W. Osgood, and delivered the mortgage to him. Osgood claims that he took the mortgage, not knowing of the prior mortgage. It is not alleged he had other notice, except what the mortgage-deed (Robinson to Kelley) gave him. Subsequently to the original record of the first mortgage, Thomas Sanborn took that mortgage, the deed when taken by him having on it the names of two witnesses. The signature of the second witness was recorded September 27, 1872.

The court ruled, *pro forma*, that the plaintiff could recover. The defendant, Osgood, excepted.

The parties agreed that all questions arising on the foregoing statement, whether of law or fact, be reserved.

*Murray,* for the plaintiff.

*Stone,* for the defendant.

SARGENT, C. J.   I.   We think the mortgage-deed of October 11, 1870, from Kelley to Dearborn, is sufficient to convey the title between the parties, and as to all others who had notice of it.

II.   We think Osgood is chargeable with notice.   At the close of the description of the land in the mortgage-deed of October 13, 1870, from Robinson to Kelley, is the following in parenthesis :

$$\left( \begin{array}{l} \text{of six hundred dollars} \\ \text{said premises are subject to a former.} \end{array} \right)$$

The above can only mean that said premises are subject to a former [mortgage] of six hundred dollars.   This is sufficient to charge Osgood with notice of the mortgage of Kelley to Dearborn of six hundred dollars.   *Brown* v. *Eastman,* 16 N. H. 592 ; *Rogers* v. *Jones,* 8 N. H. 268 ; Story's Equity, secs. 399, 400 ; Sugden on Vendors, chaps. 16 and 17, 9th ed., and cases there referred to ; *Cuyler* v. *Bradt,* 2 Caines Cas. in Err. 326 ; *Taylor* v. *Stibbertt,* 2 Ves. Jr. 440 ; *Hall* v. *Smith,* 14 Ves. Jr. 426 ; *Hastings* v. *Cutler,* 24 N. H. 481 ; *Kingsley* v. *Holbrook,* 45 N. H. 320 ; *Gooding* v. *Riley,* 50 N. H. 402.

The defendants stood upon the general issue, which admits their possession with claim of freehold ; but the plaintiffs show the better title and the prior seizin.

*Judgment for the plaintiffs.*