HANNAH BURNS & another *vs.* BEZER THAYER.

Suffolk. March 19. — April 9, 1874. AMES & DEVENS, JJ., absent.

The title of a purchaser from a mortgagee under a mortgage containing a power of sale is not defeated by the neglect of the mortgagee to make and file the affidavit required by the Gen. Sts. c. 140, § 42.

If the mortgagee is indirectly a purchaser at a sale made under a power contained in a mortgage, which does not give the mortgagee the right to purchase, the sale is not void, but only voidable, and if before proceedings are taken to set aside the sale, the nominal purchaser sells the land to a *bonâ fide* purchaser without notice, for an adequate consideration, such purchaser takes a good title.

B. made a mortgage of real estate to P. which contained a power of sale, but did not give P. the right to purchase at such sale. P. sold for breach of condition to D. for $1200, the mortgage debt then being over $1400. D. who was by an arrangement with P. a nominal purchaser sold to T. *Semble*, that if B. was entitled to redeem on the ground that T. was not a *bonâ fide* purchaser without notice, P. should have been joined as a defendant, as he apparently retained the original debt.

Laches are not imputable to an infant plaintiff. ·

BILL IN EQUITY brought by Hannah Burns and Elizabeth Burns, a minor, suing by her guardian the said Hannah, to redeem a mortgage of an estate in Chelsea, made by John Burns, the husband of the first named plaintiff, and the father of the other, to Edward Potter, June 16, 1855. The mortgage contained a power of sale, but there was no clause in it authorizing

the mortgagee to purchase at any sale made under the power. The bill was filed January 22, 1868. The answer set up a sale of the premises by Potter, in pursuance of the power of sale contained in the mortgage, for a breach of the condition thereof, to Charles H. Dow, July 19, 1859, and a sale by Dow to the defendant; that in September, 1859, the defendant entered upon the premises without any notice of the title set up in the bill, and had expended large sums of money in repairing and erecting buildings on the premises. The answer also set up laches on the part of the plaintiffs.

The case was heard by *Ames*, J., who made the following report:

"At the hearing of the cause before me, the question upon which the parties were at issue was as to the validity and effect of a sale of an estate in Chelsea, by the mortgagee, Edward Potter, for breach of condition, and by virtue of a power of sale contained in the mortgage deed.

"And in relation to that sale, I find that there was a breach of the condition of the mortgage, the note for $1375, with six months' interest thereon, secured thereby, having become due on June 19, 1859, and remaining unpaid; that after the breach of the condition, Hannah Burns, one of the plaintiffs, with the assent of the mortgagee, Edward Potter, attempted to sell the premises at auction, but failed to get a bid for a larger amount than that due under the mortgage, and consequently gave up any further attempt to sell the premises; that subsequently the mortgagee gave notice of the time and place of sale in exact conformity to the terms of the power, which were as follows:

"'But if default shall be made in the payment of the money above mentioned, or the interest that may grow due thereon, or of any part thereof, then it shall be lawful for the said grantee, his executors, administrators and assigns, to enter into and upon all and singular the premises hereby granted or intended to be granted, and to sell and dispose of the same and all benefit and equity of redemption of the said John Burns, the grantor, his heirs, executors, administrators or assigns therein, at public auction, such sale to be upon the premises hereby granted, first giving notice of the time and place of sale by publishing the same once a week in three successive weeks in the Daily Advertiser, a

newspaper printed in the County of Suffolk, in Boston. And in his or their own names, or as the attorney of the said John Burns, the grantor, for that purpose by these presents duly authorized, constituted and appointed to make and deliver to the purchaser or purchasers thereof, a good and sufficient deed or deeds of conveyance for the same in fee simple, and out of the money arising from such sale to retain said sum of thirteen hundred and seventy-five dollars, or the part thereof remaining unpaid, and also the interest then due on the same, together with the costs and charges of advertising and selling the same premises, rendering the surplus of the purchase money, if any there be, over and above said sum and interest as aforesaid, together with a true and particular account of said sale and charges, to the said John Burns, the grantor, his heirs, executors, administrators or assigns, which sale, so to be made, shall forever be a perpetual bar, both in law and equity, against the said John Burns, the grantor, his heirs and assigns, and all other persons claiming or to claim the premises, or any part thereof, by, from or under him, them or any of them.'

" That on July 15, 1859, at the time advertised for the sale, the mortgagee entered upon the premises and there offered the same for sale at public auction by one Thayer, a licensed auctioneer; that the mortgage debt still remaining unpaid, the premises were bid off to Charles H. Dow, for $1200, he being the highest bidder therefor; and thereupon the mortgagee executed and delivered a deed of the premises to him, which was duly recorded; (which deed was dated July 19, 1859, acknowledged July 21, 1859, and recorded June 8, 1860;) that Hannah Burns, one of the plaintiffs, was present at the sale, and the sale was conducted in the ordinary way; that subsequently, on the first day of September, 1859, said Dow executed and delivered a deed of the premises to the defendant Thayer, for $1500, who paid $100 in cash, and gave his five promissory notes for the balance of the purchase money to Edward Potter, four of said notes being for $300 each, payable in one, two, three, and four years, respectively, and one for $200, payable in five years from September 1, 1859, secured by mortgage on the same premises to Edward Potter; that all of said notes were paid at maturity; that there was no evidence of any previous dealings or acquaintance between the defendant and Potter, or the defendant and Dow; and that at the time of

his purchase the defendant owned and resided with his family on the adjoining estate; that the plaintiffs occupied the premises several weeks after the auction sale, and then left voluntarily and went to live in the neighborhood, where they resided until the filing of the bill; that no affidavit of the sale was ever made or recorded by the mortgagee; that after the defendant bought the property in 1859, he erected a valuable building, and made expensive improvements upon the premises. Hannah Burns, one of the plaintiffs, knew that the defendant had bought the land and was making these expenditures at or about the time when the same were made, but never made any claim to the estate until about the time of filing the bill.

" Edward Potter testified that he attended the sale, and that Charles H. Dow was the highest bidder and the purchaser; that he could not recollect the amount of the bid, nor whether it amounted to enough to pay the debt and expenses; that he could not tell who asked Dow to attend the sale, nor whether he asked Dow to bid; and that he could not tell whether Dow paid him any money on the occasion or not, nor could he tell whether Thayer, the defendant, gave the witness a mortgage for the whole of the purchase money or not, nor what the amount was; that he acted under the advice of counsel, and followed his advice; that he kept a record of the sale, but it was burned in the great fire in November, 1872, and that he had no doubt the transaction was correctly stated in the deeds.

" Charles H. Dow testified that he had a slight recollection of having been at the sale, but although he did not recollect bidding for the property, he had no doubt that he was the purchaser. He remembered making the deed to the defendant; thought that he may have gone there at the request of Potter, the mortgagee, and with an idea that there might be an opportunity to make something. He added that he had a very indistinct recollection of the transaction with Thayer, but supposed he got some consideration.

" It was in evidence that Potter and Dow had frequent business transactions with each other. The plaintiff, Hannah Burns, was the widow of the mortgagor, and had by him three children, whc survived him, but two of those children have since died. It ap-peared that she was an illiterate person, and that her daughter

the co-plaintiff with her, was eighteen years of age, April 1, 1873 ; and they claimed at the hearing that they were ignorant of their rights and were not aware that they had any remedy, until about the time this suit was brought.

" Upon the foregoing facts and evidence, I held that there was no sufficient evidence that Dow paid any money, or gave any security, or signed any contract or memorandum to the mortgagee, at or after the sale under the power ; and I therefore ordered and decreed that the plaintiffs were entitled to redeem the estate, allowing the defendant to charge for his outlays and expenses in making improvements thereon ; and that the case be sent to a master to state the account accordingly."

From this order and decree the defendant appealed to the full court.

*T. S. Dame,* for the plaintiff.

*R. Stone, Jr.,* for the defendant.

WELLS, J. The title of a purchaser from a mortgagee under a power of sale is not defeated by the neglect of the mortgagee to make and file the affidavit required by the Gen. Sts. *c.* 140, § 42. *Field* v. *Gooding,* 106 Mass. 310.

This report must be taken to establish the propositions that Dow was a nominal purchaser only ; and that the benefit of his purchase and resale to the defendant was secured to Potter, the mortgagee, by some arrangement or understanding between him and Dow. The plaintiff contends that this made void the whole proceeding of the sale under the power ; so that no title could pass by the conveyances, except the mortgage title of Potter. This bill is accordingly brought against the defendant alone, as assignee of the mortgage.

Such however is not the effect of an attempt, by one who is intrusted with a power of sale, to become indirectly a purchaser. The sale, if otherwise regular, is voidable only, at the election of the party whose interests are prejudiced thereby. It is not absolutely void. The title passes. The party injured may avoid and defeat it. But if, before he exercises that right, the estate has been conveyed to another, who has purchased in good faith, upon adequate consideration and without notice, such purchaser will hold the estate.

The purchase by the defendant in this case was made upon sufficient consideration. The report is silent upon the question of notice and good faith, so far as he is affected; and there are no facts stated, from which we can infer that there was any finding upon that point. Apparently the decree was based entirely upon the invalidity of the original sale and conveyance from Potter to Dow. That, without more, does not entitle the plaintiffs to a decree against this defendant.

There is another difficulty in the plaintiffs' case. The sale and conveyance did not purport to be of the mortgagee's interest. It was a sale of the land for $1200; whereas the mortgage debt exceeded $1400. That debt, except so far as it was satisfied by the proceeds of the sale, remained in the ownership of Potter. For the protection of the purchaser the conveyances may perhaps be treated as carrying the mortgagee's legal title in the land; even though set aside in their intended operation to carry the mortgagor's title and cut off his right to redeem. But the mortgage being incident to the debt, the creditor is a proper and necessary party to a bill to redeem. Upon the facts reported Potter would seem to be a necessary party to the proceedings in this case.

The minor plaintiff is not chargeable with laches.

*Case must stand for further hearing.*