## L. BROWN *vs.* HANNAH SMITH & another.

Worcester.    October 1, 3. — 5, 1874.    COLT & MORTON, JJ., absent.

A conveyance of real estate made by a mortgagee both in his own name and as attorney of the mortgagor, and which declares that it is made by virtue of every other power and authority them thereto enabling, as well as by virtue of and in execution of the power of sale contained in the mortgage deed, operates as an assignment of the mortgagee's interest, even if the fee is not conveyed by reason of a defect in the execution of the power; and if the assignee is in possession of the premises after condition broken, the owner of the equity of redemption cannot maintain a writ of entry against him.

WRIT OF ENTRY against Hannah Smith and her husband, Henry C. Smith, to recover a tract of land in Westborough. Hannah Smith pleaded *nul disseisin.* Henry C. Smith pleaded non-tenure and disclaimer.

At the trial in the Superior Court, before *Bacon,* J., it appeared that the demandant's title was derived from a sale of the land on execution as the property of the last named defendant, the same having been attached on February 9, 1870, in an action by the demandant against him.

It further appeared that Henry C. Smith was on April 24, 1868, the owner of the demanded premises, and on that day he conveyed the same in mortgage to George W. Mann. The deed contained a clause authorizing the grantee and his legal representatives, on breach of condition, to sell the granted premises and all benefit and equity of redemption of the grantor, and to execute the necessary deed to convey the premises in fee simple : provided that the person herein authorized to make such sale " shall make before some justice of the peace an affidavit, that he had at the time of such sale an interest in this mortgage, that such sale was made at public auction, on or near said granted premises, and that notice was given of the time and place of such sale, by posting up notifications thereof, thirty days at least before the time of sale, in two public places in said town of Westborough, and publishing the same three weeks successively in some newspaper printed in said county of Worcester, and that such affidavit shall be so made, and, together with a copy of the notice, shall be recorded in the registry of deeds for said county of Worcester within thirty days after such sale."

This mortgage was assigned June 14, 1869, by Mann to Cyrus Fay, to whom also Henry C. Smith had on July 2, 1868, conveyed the demanded premises in mortgage, by a deed whereby the grantee was authorized to sell the premises, in case of any breach by the grantor in the conditions of the deed, and to convey the same in his own name or as attorney of the grantor.

The tenant Hannah Smith put in evidence a deed, dated January 20, 1871, of the premises from Cyrus Fay to John A. Fayerweather ; and a deed of the same premises from Fayerweather to her, dated January 20, 1871. Both of these deeds were duly recorded. Annexed to the first deed was an affidavit made by Fay,

which set forth his acts under the powers in the two deeds, but omitted to set forth that he had at the time of the sale an interest in the mortgage. The deed from Fay to Fayerweather recited the two mortgages; that there had been default in respect to each; and that notice had been duly published. The granting clause was as follows: " Now, therefore, know all men that we the said Henry C. Smith, by the said Cyrus Fay, his attorney, duly authorized as aforesaid, and the said Cyrus Fay, by virtue and in execution of the power contained in said mortgage deeds, respectively as aforesaid, and of every other power and authority we thereto enabling, do in consideration of the sum of $5250, to us paid by John A. Fayerweather, give, grant," &c. The deed was signed " Henry C. Smith, by Cyrus Fay," and also " Cyrus Fay," and sealed.

The demandant asked the judge to rule that the tenant Hannah took no title under the sale by Fay, because his proceedings under the powers were defective and invalid in the following particulars: " 1. Because no affidavit was made as required by the first mortgage, that Fay at the time of the alleged sale had an interest in the said mortgage." " 2. Because the two mortgages and two powers of sale are entirely distinct, and a notice was given of two distinct sales, one under each mortgage, to take place at the same time and place, and it appears that there was but one sale of the premises for one entire sum, upon one bid to the same purchaser, and one deed was given, and one affidavit made, by which it was sought to execute both powers jointly." Other defects were also insisted upon, which need not now be stated.

The judge directed a verdict for the demandant against Hannah Smith. Judgment was ordered on the pleadings for the tenant Henry C. Smith, to which order no exception was taken. The case was, after verdict, by consent of the parties reported for the consideration of this court.

*W. S. B. Hopkins*, for Hannah Smith.

*H. B. Staples & A. G. Biscoe*, for the demandant.

GRAY, C. J. The deed executed by Fay in his own name, as well as in the name and as the attorney of the mortgagor, is expressly declared to be made by virtue of every other power and authority them thereto enabling, as well as by virtue and in execution of the power contained in the mortgage deeds. The affi

davit as to the execution of the power of sale does not affect the legal operation of the deed in other respects. If it was not a valid execution of that power and therefore did not convey an absolute fee, it at least passed the mortgagee's title to the grantee. Mrs. Smith, under his subsequent deed to her, has either an absolute title in fee, or a title in mortgage ; and it is unnecessary and immaterial to the judgment in this action to consider which it is ; for in either alternative, she being in possession after breach of the condition of the mortgage, the mortgagor, or any other person claiming title under him, cannot maintain a writ of entry against her. *Parsons* v. *Welles,* 17 Mass. 419.

The verdict directed for the demandant upon the ground that she took no title under the sale by Fay must therefore be set aside, and a *New trial ordered.*