BACON v. GOODNOW.

Payment of a mortgage debt by one having an interest to protect will operate as an assignment of the mortgage whenever justice requires it.

WRIT OF ENTRY.    Oliver Bacon died seized of the demanded premises, March 25, 1835, leaving a will executed June 25, 1829, which was duly proved on the first Tuesday of April, 1835, and Jacob Bacon, a son of the testator named as executor and residuary legatee in the will, was appointed executor.    The second clause of the will is as follows : "I give, bequeath, and devise to my son, Jacob Bacon, and my daughters, Mary Bacon and Rebecca Bacon, all the real estate of which I may die possessed, to be equally divided between them, they paying all my just debts and funeral charges ; and, in case either of them shall die without heirs, the share of such one so dying shall go to the survivor or survivors, or their heirs." At the date of the will, and at the testator's death, the demanded premises were subject to a mortgage made by the testator, April 17, 1824; to his daughters, Mary and Rebecca, to secure a note to Mary for $100. and a note to Rebecca for $200.    These notes remaining unpaid, Mary and Rebecca brought a suit against Jacob to foreclose the mortgage, and in October, 1844, recovered a conditional judgment for $668, damages and costs, and on December 31, 1844, took possession of the demanded premises under a writ of possession.    December 29, 1845, Mary and Rebecca released to Jacob, by a quitclaim deed, all their rights and interest in the mortgage, in consideration of $717.10.    February 6, 1846, Jacob,

in consideration of $845.44, conveyed the premises to Mary and Rebecca by quitclaim deed, with covenants of warranty against all persons claiming under him. December 15, 1847, Mary and Rebecca conveyed by warranty deed to Oliver J. Bacon, whose title the defendant now holds. The defendant and those under whom he claims have had possession under their deeds. The plaintiff has never been in possession of the demanded premises. He is a son of Jacob Bacon, now deceased, and claims title as a devisee under the will of Oliver Bacon, his grandfather.

*Faulkners & Batchelder* and *Lane*, for the plaintiff. Under the will of Oliver Bacon, each of the devisees took a life interest only in the real estate, with remainder to children, if any ; otherwise, to survivors or their heirs. The mortgage from Oliver to Mary and Rebecca was not assigned and foreclosed, but paid and discharged. Nothing more than life estates passed by the deeds of Jacob to Mary and Rebecca, and of Mary and Rebecca to Oliver J. Bacon, because, at the times they were given, neither of the grantors was seized of more than a life estate.

*Stevens* and *Hardy*, for the defendant.

CLARK, J. Both parties claim title from Oliver Bacon, the plaintiff, as devisee under the will executed in 1829 and proved in 1835, and the defendant under the mortgage made in 1824 to Mary and Rebecca Bacon. If the defendant's claim under the mortgage is valid, he has the earlier and therefore the superior title, and is entitled to judgment. Whether the defendant holds the mortgage title depends upon whether the payment by Jacob Bacon to Mary and Rebecca, December 29, 1845, of the amount of the judgment recovered on the mortgage, and the conveyance by them to him of all their rights under the mortgage, operated as an extinguishment of the mortgage title or as an assignment of it.

By the will, the real estate was devised to Jacob, Mary, and Rebecca, upon the condition of their paying all the just debts and funeral charges of the testator. The notes to Mary and Rebecca constituted a part, if not the whole, of the testator's indebtedness. The case does not show that he was owing any other debts at the time of his death ; nor does it show that he left other estate sufficient for the payment of these notes, aside from the mortgaged real estate. To entitle Mary and Rebecca to a share in the real estate, they must comply with the conditions of the devise, which they failed to do. Instead of contributing one third each towards the payment of the notes, they chose to enforce the payment of the full amount due upon them by a foreclosure of the mortgage against Jacob, nine years after the death of the testator. By enforcing their claims under the mortgage, Mary and Rebecca refused to comply with the conditions of the will; and hence they took noth-

ing in the real estate under the devise.   The conditional judgment recovered by them against Jacob Bacon, and their possession under it for the purposes of foreclosure, compelled him to pay the amount due on the mortgage to protect whatever interest he had in the mortgaged premises as devisee or residuary legatee under his father's will.   A payment of the mortgage debt made under such circumstances, accompanied by a release from the mortgagees, operated as an assignment and not as an extinguishment of the mortgage; and such seems to have been the intention of the parties.   The reconveyance by Jacob to Mary and Rebecca, and their subsequent conveyance with warranty to Oliver J. Bacon, are circumstances indicating that they understood their title to be absolute.   In such a case, justice requires that the mortgage be kept on foot, and the law will uphold it, for the protection of the title of the party paying the money, even in cases where the parties have undertaken to discharge it.   *Stantons* v. *Thompson*, 49 N. H. 272; *Moore* v. *Beasom*, 44 N. H. 215; *Rigney* v. *Lovejoy*, 13 N. H. 247; *Robinson* v. *Leavitt*, 7 N. H. 73, 100.   In this view of the case, the construction of the will is immaterial, and there must be

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.