GREEN *v.* CURRIER.

Where land is subject to two mortgages held by different persons, and the first mortgagee is in possession for the purpose of foreclosure, his quitclaim conveyance to a purchaser of the equity of redemption operates as an assignment of the first mortgage, and not as a discharge of it, justice requiring the instrument to have that effect.

WRIT OF ENTRY. Facts found by the court. December 14, 1870, Francis D. Berry mortgaged his farm, of which the demanded premises constitute a small part, to the Pittsfield Savings-Bank, to secure his note for $4,250. June 3, 1881, he mortgaged the same

farm to the plaintiff, subject to the foregoing mortgage, to secure his note for $344.44.

February 24, 1883, the savings-bank filed a bill in equity against Berry and the plaintiff, together with others, for a foreclosure of the mortgage to the bank. The plaintiff did not appear, and the bill was taken *pro confesso* as to him. At the April term, 1884, it was decreed that the amount due to the bank, as of September 1, 1884, was $5,697.14, and that the right of redemption should be foreclosed in one year after the bank should be put in possession of the premises. A writ of possession was issued, and the bank put in possession under it, November 10, 1884, and the right of redemption became fully foreclosed on the 10th day of November, 1885. The value of the premises was from the time of the filing of the bill, and is now, considerably less than the amount of the mortgage to the bank. Green made no offer, and did not desire, to redeem.

September 13, 1883, Berry executed a warranty deed of the demanded premises to the defendant; and September 19, 1883, the bank executed a quitclaim of the same premises to the defendant. These deeds were deposited in the hands of Geo. F. Berry, to be delivered only in case the bank prevailed in the bill in equity, and upon the payment by the defendant to the bank of $125, which was the full value of the land. The deeds were delivered to the defendant, and the defendant paid $125 to the bank on the 30th day of December, 1884.

After September 13, 1883, and before December 30, 1884, the defendant erected a house on the premises, with the assent of Berry and the bank, and with the knowledge, but without the express assent, of the plaintiff. The land and buildings were at the time of the delivery of the deeds, and are now, of the value of $2,000 or more.

*A. F. L. Norris*, for the plaintiff.

*Chase & Streeter*, for the defendant.

CLARK, J. The quitclaim deed of the bank to Currier conveyed to him the title of the bank in the premises, which was that of a mortgagee in possession for the purpose of foreclosure (*Hinds v. Ballou*, 44 N. H. 619); and by his continued possession under the deed, the foreclosure proceedings, to which the plaintiff was a party, were completed, and Currier's mortgage title became absolute as against the plaintiff. The deed from Berry to Currier is immaterial. It was a conveyance of the equity of redemption, which did not affect either of the prior mortgage-titles, or the title subsequently acquired by Currier from the bank. It could operate upon the subsequently acquired mortgage title only by way of merger, and there could be no merger because of the intervening

mortgage title of the plaintiff. In such a case it is to be presumed, as matter of law, that the parties did not intend to extinguish the mortgage. The doctrine, that where the purchaser of an equity of redemption takes an assignment of the mortgage it does not operate to extinguish it, if it be for the interest of the assignee to uphold it, is too well settled to require the citation of authorities. *Bacon* v. *Goodnow*, 59 N. H. 415; *Stantons* v. *Thompson*, 49 N. H. 272. And when it will subserve the purposes of justice, equity restores a mortgage released through mistake, and gives to it its original priority as a lien. *Hammond* v. *Barker*, 61 N. H. 53.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.