Merrimack,  
June, 1895.

RICHARDSON *v.* BAKER.

After the foreclosure of a mortgage in which the homestead right was re-
leased, the mortgagor's offer to redeem does not entitle him to claim a
homestead in the premises, as against the mortgagee to whom the equity
of redemption was conveyed, subject to the homestead right.

BILL IN EQUITY, for a homestead.    This is the same case that
is reported *ante, p.* 43.    After that decision the plaintiff amended
the bill by offering to redeem.    The plaintiff's petition for a
homestead was not filed till September, 1893.    The defendant
claims that the right of redemption is barred.

*Leach & Stevens,* for the plaintiff.

*Almon F. Burbank* and *Sargent & Hollis,* for the defendant.

*Per Curiam.** Upon the former transfer of this case, it was
held that the plaintiff was not entitled to a homestead without
redeeming the premises from the mortgages.    The question
now presented, whether upon an offer to redeem he would be
entitled to a homestead, was not then considered.    The year of
redemption expired July 8, 1893, and nothing occurred during
that time which in equity prevented him from redeeming the
land and protecting his homestead right.    From June 15, 1893,
to the end of the year allowed for redemption, the defendant
held the property as a mortgagee in possession (*Green* v. *Currier,*
63 N. H. 563), subject to the right of redemption, and also as the
owner of the equity of redemption, subject to the plaintiff's right
to a homestead.    As the latter right was not enforceable until
the plaintiff had paid or otherwise discharged the mortgage in-
debtedness, his offer to redeem after the foreclosure was com-
pleted is immaterial, and his homestead right is barred.

*Bill dismissed.*

CLARK, J., did not sit: the others concurred.

* See foot-note on page 22.