Carroll,  }
June, 1896. }

### SALVAGE *v.* HAYDOCK.

If a purchaser of an equity of redemption subsequently acquires title to the mortgage and attempts to foreclose by executing the power of sale contained therein, there will be no merger of the legal and equitable estates; and a defective deed given in pursuance of such sale will operate as an assignment of the mortgage.

In such case, the mortgage subsists for the benefit of the purchaser and his successors in title, and a writ of entry cannot be maintained against him or them by the mortgagor or those claiming under him.

WRIT OF ENTRY. Facts found by the court. Both parties claim under Hattie B. Davis, who acquired title subject to an outstanding mortgage, September 10, 1883. The mortgage gave the owner of it power to sell the premises for the purpose of foreclosure in case of breach of condition. It was assigned to Davis, September 5, 1884; and June 22, 1885, she attempted to execute the power by selling the premises in accordance with its terms. Her deed to the purchaser was attested by only one witness, and was recorded, June 26, 1885. The defendant claims under the grantee in this deed. February 3, 1886, Davis gave Stephen W. Trowbridge a quitclaim deed of the premises, dated June 22, 1885, and acknowledged February 3, 1886. Trowbridge had no actual knowledge of the Davis deed given in execution of the power. The plaintiff claims under Trowbridge.

*Josiah H. Hobbs* and *Frank Weeks,* for the plaintiff.

*John C. L. Wood,* for the defendant.

WALLACE, J. It appears that the defendant is now in possession of the premises, as this writ of entry is brought to oust him; but it does not appear from the case with certainty when he and those under whom he claims went into possession, but presumably it was at the date of the deed under the power of sale. If so, as the deed under which the plaintiff claims was executed and delivered after that date, the possession of the defendant and those under whom he claims would be constructive notice of the existence of their deed, and their title would be good against the plaintiff. *Patten* v. *Moore*, 32 N. H. 382; *Doe* v. *Doe*, 37 N. H. 268. The deed under which the defendant claims, being defectively executed because attested by only one witness when the statute then in force required two (G. L., *c.* 135, *ss.* 3, 4), may be invalid to pass the fee against the plaintiff who had no actual notice of it (*Hastings* v. *Cutler*, 24 N. H. 481; *Sanborn* v. *Robinson*, 54 N. H. 239); and its record is not constructive notice of its existence. *Montgomery* v. *Dorion*, 6 N. H. 250; *Lovell* v. *Osgood*, 60 N. H. 71. But it would operate as an assignment of the mortgage if there was no merger of the titles in Hattie B. Davis. The general rule that when the entire equitable and legal estates are united in the same person a merger takes place, is subject to many exceptions. There will be no merger against the express or presumed intention of the parties; and when justice requires it, a mortgage is upheld even when the parties have undertaken to discharge it. *Towle* v. *Hoyt*, 14 N. H. 61; *Ladd* v. *Wiggin*, 35 N. H. 421; *Stantons* v. *Thompson*, 49 N. H. 272; *Bacon* v. *Goodnow*, 59 N. H. 415; *Hammond* v. *Barker*, 61 N. H. 53; *Green* v. *Currier*, 63 N. H. 563. Here the holder of the equity of redemption, Hattie B. Davis, had assigned to her the outstanding mortgage, and, instead of discharging or attempting to discharge it, she undertook to foreclose it by executing the power of sale. This shows conclusively that she intended to hold the mortgage estate separate from the equity of redemption, and did not intend that they should merge, as in that case there would have been no necessity for foreclosure proceedings. Justice also requires that the mortgage should be upheld for the benefit of the purchaser at the foreclosure sale and his subsequent grantees.

An assignment of a mortgage is valid without being acknowledged, recorded, or attested, and may be made by parol upon delivery of the mortgage and debt, or of the debt alone. *Whittemore* v. *Gibbs*, 24 N. H. 484; *Wilson* v. *Kimball*, 27 N. H. 300; *Blake* v. *Williams*, 36 N. H. 39. An invalid foreclosure sale under a decree of court or under a power of sale, which for any reason fails to pass the title, operates as an assignment of the mortgage. And if the purchaser at such sale has subsequently sold the property by deed, this amounts to an assignment of the mortgage

to such grantee. In such a case, when the owner of the mortgage is in possession after a breach of condition, a writ of entry cannot be maintained against him by the mortgagor or any one claiming title under him. *Burns* v. *Thayer*, 115 Mass. 89; *Brown* v. *Smith*, 116 Mass. 108; 1 Jones Mort. (5th ed.), *s.* 812. The defendant being the owner of the mortgage by a valid assignment, and being in possession of the mortgaged premises after a breach of the condition, as appears from the deed under the power of sale, the plaintiff cannot maintain this writ of entry against him.

*Judgment for the defendant.*

CHASE, J., did not sit: the others concurred.