Grafton,        ⎱
Feb. 4, 1919. ⎰

### GEORGE E. JEWELL v. JOSEPH P. HUCKINS & a.

A quitclaim deed by a mortgagee in possession for foreclosure conveys the mortgagee's interest, and by the continued possession of the grantee thereunder the foreclosure will become complete.

BILL IN EQUITY, to restrain Huckins, sheriff, and the other defendants, execution creditors of the heirs of Benjamin F. Jewell, from completing a levy on real estate in Holderness and to remove a cloud from the plaintiff's title.

March 24, 1899, Benjamin F. Jewell, who then owned the premises, mortgaged them to the City Savings bank, his wife Annie A. Jewell joining in the mortgage.

January 22, 1903, Benjamin F. Jewell died. October 22, 1914, the bank brought suit to foreclose the mortgage and were put in possession of the premises May 17, 1915, upon a writ duly issued in said suit, and while in possession May 17, 1915, the bank by quitclaim deed conveyed all their right, title and interest in the premises to the plaintiff who thereupon took and has since retained open, notorious and exclusive possession thereunder. The writ of possession with the sheriff's return was duly recorded. There was no redemption from this foreclosure. The question what right if any the defendant creditors have in the premises under their attachment and levy was reserved by *Sawyer*, J., from the May term, 1918, of the superior court as an important question of law.

*Owen & Veazey* and *Charles B. Hibbard*, for the plaintiff.

*Asa Warren Drew*, for the defendant.

PARSONS, C. J. The quitclaim deed of the bank to George E. Jewell conveyed to him the title of the bank in the premises, which was that of a mortgagee in possession for the purpose of foreclosure; and by his continued possession under the deed the foreclosure became complete. *Green* v. *Currier*, 63 N. H. 563, 564. The only objection made to the sufficiency of the foreclosure is the claimed incapacity of the quitclaim deed to convey the bank's interest. The authorities are against the contention. *Hinds* v. *Ballou*, 44 N. H.

619; *Lamprey* v. *Nudd*, 29 N. H. 299; *Thorndike* v. *Norris*, 24 N. H. 454, 460.

The defendants therefore can acquire no interest in the property by attachment and levy against the heirs of the original mortgagor.

*Case discharged.*

PLUMMER, J., was absent: the others concurred.