## MELVIN *vs.* SMITH.

The plaintiff declared in trespass upon a statute, to recover certain penalties for cutting trees upon his land.—*Held* that an amendment, inserting a general count for breaking the close and cutting the trees, changed the cause of action, and was therefore inadmissible.

TRESPASS. The suit was originally founded on the statute for preventing trespasses, and was brought to recover penalties for entering the plaintiff's close, and cutting trees. The plaintiff obtained leave to amend, and offered a new count in the common form of trespass *quare clausum fregit*, to the admission of which the defendant objected. The court admitted the amendment, subject to the exception.

A verdict was subsequently taken for the plaintiff, by consent. If the amendment was inadmissible, the verdict to be set aside and judgment rendered for the defendant.

Melvin *v.* Smith.

*G. Y. Sawyer, & J. U Parker,* for the defendant. The amendment was inadmissible, as it might change the evidence to be admitted, and the trial. It was for a different cause of action. 3 *N. H. Rep.* 201, *Butterfield* vs. *Harvell;* 4 *N. H. Rep.* 147, *Edgerly* vs. *Emerson.*

The action was originally founded upon a penal statute, and barred, if not brought within a year. The amendment is founded on a cause of action which might subsist six years.

*Farley, Abbot, & Fox,* for the plaintiff. The action as originally brought was trespass *quare clausum fregit,* although under the statute the plaintiff declared for a penalty. The gist of the action was the breaking of the close, and the plaintiff must of course have the possession. There can be no objection to the plaintiff's waiving a portion of the damages to which he is entitled. We suppose an action for the penalty would bar a recovery in another action for the actual damage.

PARKER, C. J. The amendment in this case was not admissible. It changed the cause of action. The gist of the declaration, as originally drawn, was that the defendant, by reason of the cutting of divers trees upon the plaintiff's land, had become liable to certain penalties, which the plaintiff claimed a right to recover. The action was in the nature of an action of debt, although, in conformity with the provisions of the statute, it was denominated a plea of trespass. The plaintiff did not ask for any damages for the breaking and entering of his close.

But by the declaration as amended, the gist of the action is the breaking and entering of the close. The plaintiff asks damage for this, and also for the actual injury he has sustained by cutting his trees, instead of penalties for the latter.

Under the declaration, as originally drawn, the oath of the party, or his agent, to the fact that the trees had been cut, &c.,

and to his suspicion of the defendant's guilt, was admissible in evidence. If that was not exclusive of other modes of proof, it serves to show that the cause of action is not the same, for under the declaration as amended it is clear that such evidence is wholly inadmissible.

And, furthermore, in *Collins* vs. *Garland, Strafford, Dec. T.* 1839, the court were very strongly inclined to the opinion that an action founded on the statute could not be supported unless the trespass were wilful.

The verdict must be set aside and

*Judgment entered for the defendant.*