## WOOD v. FOLSOM.

When the original counts are for money paid and money had and received, a new count for work and labor, as the defendant's factor and agent, will not be received by way of amendment, without the defendant's assent, it being wholly inconsistent with the original claim.

ASSUMPSIT, with two counts in the declaration, the first for money paid, laid out and expended, the second for money had and received.

At this term the plaintiffs filed their specification, and at the same time moved for leave to amend the declaration, by adding a count "for the work and labor, care and diligence of the plaintiffs, by them before that time done, performed and bestowed, as a factor or agent of and to the said defendant, in and about the selling and disposing of divers goods, wares and merchandise of the said defendant, and also in doing and transacting other the business of said defendant for him, and at his request," &c., which amendment was allowed by the court, the defendant excepting.

*Sawyer* and *Wiggins*, for the plaintiffs.

*Woodman*, for the defendant.

State *v.* Otis.

BELLOWS, J. The causes of action in this case are not the same; there is nothing in the counts to show an identity; but, on the contrary, the want of identity is shown. Nor does it appear, *aliunde*, that the counts for money had and received and money paid, were designed by the pleader to embrace the claim for work and labor; and if it did so appear, we should not be inclined to hold, upon the adjudged cases in New-Hampshire, that the amendment could be made.

There are cases where there is nothing on the face of the original count that indicates the cause of action which is proposed to be introduced by the amendment, and still, as it is not wholly inappropriate, in some aspects in which the new claim may be viewed, the amendment will be admitted, upon establishing the identity by proof, aside from what appears on the face of the counts. But where the new matter offered is wholly inconsistent, as in the suit before us, the cases do not authorize the amendment. *Goddard* v. *Perkins*, 9 N. H. 488; *Melvin* v. *Smith*, 12 N. H. 462; *Thompson* v. *Phelan*, 22 N. H. 339; *Hall* v. *Dodge*, 38 N. H. 352.

The amendment must, therefore, be rejected.