## WIGGIN *v.* VEASEY.

It is within the legal discretion of the Supreme Judicial Court to allow a record of a judgment in the court of common pleas to be amended by entering up a judgment as of mortgage, with a condition for the payment of the amount due, instead of a judgment for the same sum as damages alone, as originally recorded; and, also, to permit a writ of *scire facias* on the judgment describing it as originally recorded, to to be amended to conform to the amended record.

THIS was *scire facias* upon a judgment of the court of common pleas, Carroll county, May term, 1857, in which it was described as a judgment for $198.81, and costs $13.33. At the April term, 1861, the plaintiff, against the defendant's exception, was allowed to amend the original record by making it a judgment as of mortgage, with a condition for the payment of the above sums; and, also, to amend the writ of *scire facias* to conform to the amended record.

The defendant then moved for a continuance, on the ground that the amendment introduced a new cause of action; but the motion was denied and the defendant excepted.

The jury returned a verdict for the plaintiff for the whole amount, disallowing all of the set-off; and thereupon the defendant filed his bill of exceptions, which was allowed.

*Carter*, *Sawyer*, and *Dearborn*, for the plaintiff.

*Emerson*, *Peavey*, and *Wheeler & Hall*, for the defendant.

BELLOWS, J. The power to amend the record of the judgment, where there is any thing to amend by, even after the lapse of many years, is unquestionable. *Chamberlain* v. *Crane*, 4 N. H. 115, and cases; *Wendell* v. *Mugridge*, 19 N. H. 109; *Mechanics Bank* v. *Minturn*, 19 Johns. 244; *Emery* v. *Barry*, 28 N. H. 473; *Leighton* v. *Lord*, 29 N. H. 237. And nothing being shown to render the exercise of this power improper in the case before us, it must be taken that the discretion conferred upon the judge who tried the cause, has been properly exercised, and that it was made to appear that the *scire facias* was originally designed to embrace this same conditional judgment.

The only question, then, is, whether the original description in this writ is so entirely inconsistent with the actual record as amended, that it fixes, as matter of law, the want of identity. Where there is nothing on the face of the declaration that indicates the cause of action designed to be introduced by the amendment, but still it is not wholly inappropriate in some aspects in which the claim may be viewed, the amendment may be allowed, upon establishing by proof *aliunde*, the fact of identity; as in *Burnham* v. *Spooner*, 10 N. H. 165, where a declaration upon a promissory note given for goods sold, was allowed to be amended by adding a count for the same goods, upon the ground that the original count was in effect to recover the price of the goods. A similar doctrine is held in *Baxter* v. *Bridges*, 3 Met. 273; and in *Stevens* v. *Mudgett*, 10 N. H. 338, it is held that so long as the form of the action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, and others superadded to cure imperfections and mistakes in the manner of stating the plaintiff's case.

In the case before us the declaration described a certain sum of money as the thing recovered, when the judgment was in fact for the possession of a parcel of land, unless that sum was paid. And the amendment does not change the form of the proceeding, nor can the court fail to see the identity of the cause of action. The substance in both forms is the same; the debt being the principal thing, and the mortgage but the incident.

By the agreement of parties, extracts from the records have been laid before us, by which it appears that two suits in favor of this plaintiff against this defendant, were pending at the same time; one upon certain notes, and the other upon the mortgage security therefor; and in the former no judgment appears to have been entered up. In the latter, which was upon the mortgage, judgment was rendered for debt $198.81, and $13.33 costs; and upon it a writ

of *scire facias* was issued as the entry shows; and it further appears, by an entry in the docket, that this record was amended by order of court, April term, 1861, so as to make it a conditional judgment.

If this suit was the writ of entry upon the mortgage, then for aught we can see there is no objection to the amendment of the record; nor do we see that any injustice has been done. The objection arising from the fact that the judgment was rendered by the court of common pleas, can not prevail; inasmuch as by the second section of the act re-organizing the judiciary, passed June session, 1859, all judgments, records, and proceedings of that court are transferred to this; to be here proceeded on, enforced, and carried into execution; and its records and files become "the records and files of the Supreme Judicial Court to every intent and purpose."

These provisions make the records of that court substantially the records of this court, with full power to proceed upon and enforce them as if original records here; necessarily implying the power which no where else exists, of correcting mistakes in the mode of entering them up.

It would seem, from the entries upon the docket, that forfeiture had been confessed, or the defendant defaulted, at the May term, 1856, or before, as at that time it was continued for judgment, which, after another continuance, seems to have been entered up May term, 1857.

The amount of the conditional judgment may be too large, by some accident, as suggested by the defendant's counsel, and had that been shown to the judge who allowed the amendment, he might very properly have refused the motion for leave to amend, without making the conditional judgment what it ought to be. But nothing of that kind appears to have been shown, and no such question is sent here; and was it shown that the amount due was in fact a less sum, we should have no power here to correct it.

The motion for a continuance was a matter peculiarly within the discretion of the judge who tried the cause, and we perceive no ground to interfere.

*Exceptions overruled.*