HURD *v.* CHESLEY.              { DECEMBER 2,
                                  {      1874.

Sec. 5, ch. 105, Gen. Stats., provides that "No person shall be liable by law for killing any dog which shall be found not having around his neck a collar of brass, tin, or leather, with the name of the owner carved or engraved thereon." *Held*, that a count in trespass for killing a dog, in common law form, might be amended by inserting an allegation that the dog had around his neck a collar of brass, with the owner's name engraved thereon.

The declaration is as follows: " In a plea of trespass for that the said John E. Chesley and Frank Dodge, on the 20th day of May, A. D. 1873, at said Rochester, with force and arms shot and killed a certain dog of the plaintiff, then and there found, and being of great value," &c. The plaintiff moved to amend his declaration by inserting the words " having around his neck a collar of leather, with a brass plate attached thereto, with the name of said Paul A. Hurd, the owner of said dog, engraved thereon.

The court,—FOSTER, C. J.,—denied the motion, and the plaintiff filed this bill of exceptions, which was allowed.

*Worcester & Gaffney*, for the plaintiff, to the point that the declaration is sufficient, and that the want of a collar would be matter of defence which should be shown by the defendants, cited *Norton* v. *Ladd*, 5 N. H. 203 ; *State* v. *M'Duffee*, 34 N. H. 523, p. 528 ; *Cummings* v. *Perham*, 1 Met. 555 ; *The case of Swans*, 7 Co. 180 ; Com. Dig. Biens F. ; 2 Bl. Com. 391 ; *Dodson* v. *Mock*, 4 Dev. & Batt. (N. C.) 146 ; *Dunlap* v. *Snyder*, 17 Barb. 561 ; *Lentz* v. *Stroh*, 6 S. & R. 34 ; 2 Ch. Pl. 860 ; Steph. Pl. 350 ; *State* v. *Fuller*, 33 N. H. 259 ; *State* v. *Wade*, 34 N. H. 495 ; *State* v. *Godfrey*, 24 Mo. 232 ; *State* v. *Hewett*, 31 Mo. 396 ; *State* v. *Adams*, 6 N. H. 532 ; *State* v. *Godfrey*, 24 Me. 232 ; *Rex* v. *Hall*, 1 T. R. 320 ; *Steel* v. *Smith*, 1 B. & Ald. 94 ; *State* v. *Sommers*, 3 Vt. 156 ; *Gill* v. *Scrivens*, 7 T. R. 27 ; *Spieres* v. *Parker*, 1 T. R. 141 ; *Com.* v. *Hart*, 11 Cush. 130 ; 1 Saund. 276, note 2 ; *id.* 211, note 2 ; *Anon.*, 2 Salk. 519 ; *Birch* v. *Bellamy*, 12 Mod. 540 ; *Charlie* v. *Belshaw*, 6 Bing. 529.

As to the proposed amendment, Gen. Stats., ch. 207, secs. 8, 9 ; 15th Rule of Court ; *Stearns* v. *Wright*, 50 N. H. 295 ; *Perley* v. *Brown*, 12 N. H. 493 ; *Stevenson* v. *Mudgett*, 10 N. H. 341 ; *Elliot* v. *Abbot*, 12 N. H. 549 ; *Newell* v. *Horn*, 47 N. H. 382 ; *Tarbell* v. *Dickinson*, 3 Cush. 345 ; *Hill* v. *Penny*, 17 Me. 409 ; *Miller* v. *Watson*, 6 Wend. 506 ; *Harding* v. *Township*, 3 Ohio 227 ; *Pullen* v. *Hutchinson*, 25 Me. 249.

*C. K. Sanborn* and *J. G. Hall*, for the defendants, against the sufficiency of the declaration, cited *State* v. *M'Duffee*, 34 N. H. 528 ; Hill. on Torts, Bk. 3, c. 1, sec. 4 ; *Gillis* v. *Black*, 6 Clarke (Iowa) 439 ;

*Henniker* v. *Railroad*, 29 N. H. 146 ; *Smith* v. *Woodman*, 28 N. H. 520 ; *State* v. *Wilson*, 43 N. H. 418; Bouv. Law Dic., " Statute ;" *Mayo* v. *Wilson*, 1 N. H. 55 ; *Drowne* v. *Stimpson*, 2 Mass. 444 ; *Soper* v. *Harvard College*, 1 Pick. 178 ; *Williams* v. *H. & Q. Bridge*, 4 Pick. 341; *State* v. *Warde*, 34 N. H. 495; *Clough* v. *Shepherd*, 31 N. H. 490 ; *Faribault* v. *Hulett*, 10 Minn. 30 ; *R. R. Co.* v. *Hendricks'*, 26 Ind. 228 ; *Toledo R. R.* v. *Bevin*, 26 Ind. 443 ; *Great W. R. R. Co.* v. *Hanks*, 36 Ill. 281 ; *Board of Education* v. *Greenebaume*, 39 Ill. 609 ; *McGlone* v. *Prosser*, 21 Wis. 275.

As to the amendment, they said the very term or word " amend " or " amendment " signifies to amend *something that exists.* Where there is no declaration or no cause of action stated in the declaration, it cannot be amended ; nothing exists to amend. *Brown* v. *Seymour*, 1 Pick. 32 ; *Brigham* v. *Este*, 2 Pick. 420. " An amendment, where there is something to amend by, may be made in a criminal as in a civil case." 1 Bouv. Law Dic., 14th ed., 118.

The writ is no better than a blank paper, so far as containing any declaration goes. The words of the statute are,—" No person shall be liable by law for killing any dog." And the sole charge in the writ is that the defendants killed a dog of the plaintiff's ; that is, the plaintiff complains that the defendants have done an act, for the doing of which the statute says in express terms they shall not be liable. Now this is in no sense alleging a cause of action, so that the amendment proposed is inserting a new cause of action, which kind of amendment is in direct violation of the 16th Rule of Court, and the decisions of this state relative to amendments of writs. *Melvin* v. *Smith*, 12 N. H. 462, is trespass for cutting trees—amendment *quare clausum fregit*—amendment not allowed. It was held a change of cause of action, though for cutting same trees.

Case at bar—declaration for killing a dog for which there is no penalty, no damage ; if amendment allowed, there may be a penalty, a damage, though for killing same dog. The position of the defendants is not inconsistent with sec. 8 of ch. 207 of Gen. Stats., nor of the Rules of Court. There is no writ in the case at bar. There is no cause of action. The amendment if allowed makes a writ,—makes a cause of action where none exists. The amendment is not consistent with the original declaration.

LADD, J. Without inquiring into the sufficiency of the declaration as it stands, I am clearly of opinion that the case comes within the statute respecting amendments—Gen. Stats., ch. 207, sec. 8—and that the amendment should have been allowed. In *Melvin* v. *Smith*, 12 N. H. 462, referred to by the defendants' counsel, the amendment was properly refused because it entirely changed the cause of action, transforming it from a suit to recover penalties for cutting trees, under the statute, to an action of trespass, *quare clausum fregit*, to recover the actual damage caused by the cutting, which was a very different thing. ·Here, the plaintiff sought by his original count to

recover the actual damage caused by the defendants' act in killing his dog. By the amendment, he seeks the same thing and nothing more. The court can see that the identity of the cause of action is preserved, and that the defect is simply a defect in the statement of the plaintiff's right.

CUSHING, C. J.   If a dog with a collar around his neck were a different kind of animal from a dog without a collar, so that the amendment would describe a different subject-matter, perhaps it would be inadmissible. But a dog is neither more nor less than a dog, with or without a collar, and the amendment, instead of describing a different subject-matter, only avers a fact necessary to the maintenance of the action. It appears to me, therefore, that the amendment is clearly admissible.

SMITH, J.   As the proposed amendment does not change the form of the action, and as the identity of the cause of action is preserved, the amendment should be allowed. *Stevenson* v. *Mudgett*, 10 N. H. 338 ; *Wiggin* v. *Veasey*, 43 N. H. 313 ; *Bailey* v. *Smith*, *ib.* 409.

*Exceptions sustained.*