MARCH 12, 1875. } THE MT. WASHINGTON HOTEL CO. *v.* REDINGTON.

A writ containing a count for goods sold and delivered cannot be amended by inserting a special declaration on an agreement to take and pay for stock in a corporation, when the same should be ready for delivery at some future time, and pay for the same, and a refusal to fulfil, nor by inserting a special count for the price of stock bargained and sold, and which the defendant refused to accept.

ASSUMPSIT. The writ contains the common counts for money lent and advanced; money paid, laid out, and expended; money had and received; interest; goods sold and delivered; and labor done and material furnished.

The plaintiff moves to amend by adding two counts, as follows: Also, for that on the eighth day of April, 1872, at said Haverhill, the said Mount Washington Hotel Company contemplated the erection of a hotel in the town of Carroll, in our county of Coös, and in view of that fixed its capital stock at two hundred thousand dollars, in shares of one hundred dollars each; and on the said eighth day of April, 1872, at Littleton aforesaid, the said defendant subscribed for and agreed to take fifty shares of the said capital stock of the said Mount Washington Hotel Company, and to pay therefor the sum of one hundred dollars for each and every share so subscribed by the said defendant; payments to be made at such time or times and in such amounts as the directors of said corporation might determine, for the purpose of building the said hotel so contemplated by said corporation as aforesaid.

Yet, although the said Mount Washington Hotel Company have issued for the said defendant's benefit the said fifty shares of the capital stock of said corporation so subscribed for by the said defendant as aforesaid, and

offered the same to the said defendant at numerous times, and requested him to accept and take the same, and at each time demanded payment of him thereon, he, the said defendant, has neglected and refused to accept and take the same and pay therefor the sum of one hundred dollars each, according to his subscription and agreement aforesaid. Also, for that the said defendant, at said Haverhill, on the eighth day of April, 1872, in consideration that the plaintiff corporation at his request had then and there bargained and sold to him fifty shares of the capital stock of said corporation at the price of one hundred dollars per share and promised to deliver him the same, promised to accept the said fifty shares of the capital stock of said corporation, and to pay the plaintiff corporation therefor at the price aforesaid ; and the said plaintiff corporation avers that within a reasonable time, to wit, on the first day of July, 1872, at Littleton aforesaid, the plaintiff corporation offered to deliver the said fifty shares of capital stock to the said defendant, and requested him to accept the same, and to pay the plaintiff corporation therefor at the price aforesaid ; yet the defendant did not accept nor pay for the same, but neglected and refused so to do. The questions thereupon arising were transferred to this court by LADD, J., at the September term, 1874.

*E. W. Farr*, *H. Bingham*, and *Carpenter*, for the plaintiffs.

*G. A. Bingham*, for the defendant.

CUSHING, C. J. The questions that arise on motions to amend are often very nice. By rule 16, " No new count or amendment of a declaration shall be allowed without the consent of the defendant, unless it be consistent with the original declaration, and for the same cause of action." I have seen no authority which appears to me to go so far as it would be necessary to go in order to hold that the cause of action described in either of the proposed special counts was identical with a cause of action for goods sold and delivered ; and it therefore appears that the motion ought to be denied.

LADD, J. I am also of the opinion that neither of the new counts proposed by way of amendment in this case can be allowed. The first clearly sets up an entirely new and different cause of action, namely, the breach of a special contract to take and pay for fifty shares of stock in the plaintiff company, according to the terms of that contract. The second, which is in effect for not accepting the same number of shares bargained and sold, would seem to come very nearly if not quite within the doctrine of *Bailey* v. *Smith*, 43 N. H. 409, if shares in such a corporation could for this purpose be properly regarded as goods, wares, or merchandise. But I think they cannot. A share certainly does not answer the definition of either of those words in its generally received import, nor does it come within the legal definition of a chose in action. It has been defined to be a right to partake, according to

the amount of a party's subscription, of the surplus profits obtained from the use and disposal of the capital stock of the company to those purposes for which the company is constituted. Ang. & Am. on Corp., sec. 557. It is well settled in England that stock in incorporated companies is neither goods, wares, nor merchandise, within the statute of frauds, and that therefore a contract relating to the sale and transfer of them need not be in writing. *Humble* v. *Mitchell*, 11 A. & E. 205; *Dancurft* v. *Albrecht*, 12 Sim. 189; *Hargreaves* v. *Parsons*, 13 M. & W. 561.

I think the same rule may be properly applied in determining the admissibility of the proposed amendment in this case, and therefore that the second amended count cannot be allowed, upon the doctrine of *Bailey* v. *Smith*.

SMITH, J. Whenever the form of action is not changed, and the identity of the cause of action is preserved, the particular allegations of the declaration may be changed and others added, to cure imperfections and mistakes in the manner of stating the plaintiff's case— *Wiggin* v. *Veasey*, 43 N. H. 313, *Bailey* v. *Smith*, *ib*. 409; but these amendments are wholly inconsistent with the original counts. To sustain the count for money paid, the plaintiff must prove actual payment, and a prior request, or subsequent assent by the defendant. But money expended for the corporation is not money expended for an individual stockholder; and so too of labor done and materials furnished. To sustain a count for money lent and advanced, the plaintiff must prove that the transaction was essentially a loan of money. 2 Gr. Ev., sec. 112. A loan of stock will not support the count. *Nightingale* v. *Devisne*, 5 Burr. 2589; *Jones* v. *Brinley*, 1 East 1. The amendments are inconsistent with the count for goods sold and delivered. Shares in corporations are not, strictly speaking, chattels,* but are rather in the nature of choses in action—*Harris* v. *Stevens*, 7 N. H. 456; nor does it appear from the amendment that the defendant has received or obtained possession of the money of the plaintiff, which in equity and good conscience he ought to pay over, or which the parties have agreed to treat as money; nor any goods which a lapse of sufficient time will justify the inference have been turned into money.† *Wood* v. *Folsom*, 42 N. H. 70, and *Burt* v. *Kinnie*, 47 N. H. 361, are cases very much in point against the admissibility of this amendment.

*Amendment disallowed.*

---

* See *Whittemore* v. *Gale*, 24 N. H. 488 ;—but see *Keyser* v. *School District*, 35 N. H. 483, 484, and *Pinkerton* v. *M. & L. Railroad*, 42 N. H. 451, 452.

REPORTER.

† And see *Gordon* v. *Gordon*, Grafton county, decided August term, 1875.

REPORTER.