ADELAIDE C. LEARNED *vs.* JOSEPH W. FOSTER & others.

Middlesex. Jan. 18. — March 1, 1875. AMES & ENDICOTT, JJ., absent.

If a mortgagee is indirectly a purchaser at a sale made under a power contained in a mortgage, which does not give him the right to purchase, the sale is voidable only and not void, and the mortgagor loses his right to avoid the sale by a failure to assert it within a reasonable time.

At a sale made under a power contained in a mortgage of land, which did not give the mortgagee the right to purchase, the estate was sold by a person to whom the mortgage had been assigned but who acted in the mortgagee's interest, who entered upon the land before the sale and in pursuance thereof gave a deed of the premises to a person representing the mortgagee. The deed was duly recorded and the mortgagee entered and remained in quiet possession for thirteen years, during which time the assignee of the equity of redemption, who acquired the same before

the sale, but was not notified and had no actual knowledge thereof, lived within a mile, knew of the mortgagee's possession, and made no offer of payment on the mortgage debt. *Held*, on a bill in equity brought to redeem the premises by a person to whom the assignee had conveyed his interest, that the right to avoid the foreclosure had not been exercised within a reasonable time.

On a bill in equity to redeem a mortgage, the case came before this court on a report of a single justice thereof setting forth certain facts which were stated to have been admitted by the parties at the hearing, no reference was made in the report to any question of pleading. By the terms of the report the bill was to be dismissed if on the facts stated the plaintiff was not entitled to redeem. *Held*, that, if the facts showed that the plaintiff had been guilty of laches, this defence was open, although it was not set up in the answer.

A notice of a sale of mortgaged property, under a power contained in the mortgage, is not invalid by reason of its omission to state the name of the assignee of the equity of redemption.

The title of a purchaser from a mortgagee under a mortgage containing a power of sale is not defeated by the neglect of the mortgagee to make and file the affidavit required by the Gen. Sts. c. 140, § 42.

A mortgagee of land made a sale under a power contained in the mortgage, which sale was voidable. Subsequently he entered under the Gen. Sts. c. 140, §§ 1, 2, and recorded the certificate of entry. *Held*, that, in the absence of evidence showing an intention to waive or abandon the rights acquired by the sale, the entry did not have this effect.

BILL IN EQUITY, filed March 3, 1871, to redeem a mortgage of an estate in Watertown. The case was reserved by *Colt*, J., for the consideration of the full court upon a report in substance as follows:

At the hearing the following facts were admitted by the parties: On December 20, 1850, Samuel L. Learned, then the owner in fee simple of the estate, mortgaged it to Thomas Learned, to secure payment of $5000 in one year, with interest semiannually until paid. The mortgage, which was recorded at its date, contained a power of sale, but there was no clause in it authorizing the mortgagee to purchase at any sale made under the power. The mortgage was assigned by Thomas Learned to Thomas N. Greenville on the day of its date, and by Greenville on December 27, 1850, to Nancy R. Wetherbee, which assignments were duly recorded, on March 19, 1853. Samuel L. Learned conveyed the estate subject to the mortgage to Samuel Learned, in March, 1853, by deed duly recorded; and Samuel Learned occupied the estate by his tenants from the time of the deed to him until October, 1857, and paid the interest on the mortgage semiannually to June 20, 1856. Before August 29

1857, Nancy R. Wetherbee had intermarried with Benjamin Carver of New York, and on that day she and her husband assigned the mortgage to the defendant Foster. The assignment, however, was for no consideration except to enable Foster to enforce the mortgage as trustee for the real owners. Nancy held the mortgage in trust for herself and her brothers and sisters, the other defendants, they being the heirs of Elijah T. Wetherbee her father.

Immediately upon receiving the assignment of the mortgage Foster entered upon and took possession of the mortgaged premises, and under the power of sale contained in the mortgage undertook to sell the same, and a notice of sale, a copy of which is in the margin,* was published in as many newspapers as required by the power, and also posted up as required by the power of sale. At the time appointed for the sale, the estate was sold by Foster to Benjamin Carver aforesaid for $4250. A deed was executed of the estate by Foster to Carver, which was recorded and an affidavit of sale was made but never recorded in the registry of deeds. Carver paid nothing to Foster for the property, but the sale and purchase were made merely to foreclose the mortgage and divide the estate among the heirs of Elijah T. Wetherbee, who owned the mortgage, and this estate was so conveyed by

---

* " Mortgagee's sale of real estate in Watertown. By virtue of a power of sale contained in a mortgage given to Thomas Learned by Samuel L. Learned dated December 20, 1850, and recorded in Middlesex Registry of Deeds in Book 597, at page 570 and 573, which said mortgage has been assigned to me, I shall sell at public auction in Watertown, on the premises situated on the Milldam road near the dwelling house of Josiah Stickney, on Friday, the second day of October, 1857, at four o'clock P. M., all of the premises mentioned and described in said mortgage, and all the benefit and equity of redemption of the said Samuel L. Learned or his heirs, executors, administrators, or assignee therein; said sale being made on account of breach of the conditions of said mortgage.

" The premises consist of about eight acres of excellent land well situated between the Milldam road and Cambridgeport road, about three minutes' walk from the Arsenal Depot of the Branch Railroad, and about half a mile from the centre of the town, churches, schools, post-office, &c. On the premises are two new well-furnished cottage dwellings, with sheds and barns attached.

" By order of Joseph W. Foster, assignee of the said mortgage.

" Samuel Hatch, Auctioneer."

Carver to the heirs of Wetherbee, according to their interest in the estate.

Samuel Learned, to whom the estate was conveyed subject to the mortgage, was a well known citizen of Watertown from long before March, 1853, to the present time, and lived about one mile from the estate. He never knew or heard of any sale under the power in the mortgage or had any suspicion of, any such sale until the latter part of 1870, and after he had conveyed his interest subject to the mortgage to the plaintiff, which was done on September 26, 1870, by a deed duly recorded. The plaintiff paid Learned a valuable consideration for the conveyance, and the deed by him to her was delivered on the premises conveyed by it. The plaintiff never knew or had heard or suspected that the mortgaged premises had been sold under the power in the mortgage, until long after the deed to her of the equity of redemption thereof.

The defendants with the knowledge of the plaintiff and Samuel Learned have been in quiet possession of the premises ever since the sale, and Samuel Learned never since offered to pay the interest or principal of the mortgage.

On December 10, 1870, Foster made an open and peaceable entry on the mortgaged premises for a breach of the condition of the mortgage and for the purpose of foreclosing it, which entry was not opposed, and was made in the presence of two witnesses, who made, signed and swore to a certificate of such entry, before a justice of the peace, which was duly recorded in the Middlesex registry of deeds on December 12, 1870. Said entry was made by Foster with the assent and knowledge of P. H. Field, one of the other defendants.

If the court should be of opinion that the plaintiff is entitled to redeem, upon the facts here stated, then the case is to be committed to a master to state an account and ascertain the amount due on the mortgage ; but if the court should be of opinion that the plaintiff is not entitled to redeem the mortgage, then the bill is to be dismissed.

*A. T. Sinclair*, for the plaintiff.

*H. C. Hutchins*, for the defendants.

COLT, J. The plaintiff attempts to avoid the foreclosure of a mortgage under a power of sale, mainly on the ground that the

real purchasers at the sale were the owners of the equitable interest in the mortgage. The legal title to the mortgage was held by Foster at the time of the sale in trust for the defendants as heirs of Wetherbee. The purpose of the sale was to foreclose the mortgage and to divide the estate among the defendants as equitable owners. It was made after breach of condition, and, in treating this objection, must be taken to have been made in accordance with all the requirements of the mortgage deed. The estate was sold to Carver, by whom it was several years afterwards conveyed to the defendants, to be held by them according to their several interests. There was no actual payment of money to any one in the transaction ; and there was no provision in the mortgage deed giving to the mortgagee the right to become a purchaser at the sale.

The sale thus made must be regarded at law as a valid transfer of the estate under the power in the mortgage deed. If the title had passed into the hands of a *bonâ fide* purchaser without notice, it would have been a good title in his hands against the right of redemption here set up. It is effectual in favor of the present defendants against the plaintiff, unless defeated by the equitable considerations upon which he relies, and which relate to the duties growing out of the trust relation existing between mortgagor and mortgagee. In the execution of the power, the mortgagee is bound to the exercise of entire good faith ; he is subject to the rule which applies generally to trustees with power to sell, and which enables the party beneficially interested to defeat a purchase of the trust property made by the trustee. The sale in such case is not absolutely void ; it is an abuse of authority for which the equitable owner may set it aside, and retain the property, or affirm it and receive the consideration at his option. *Litchfield* v. *Cudworth*, 15 Pick. 23, 31. *Ball* v. *Carew*, 13 Pick. 28, 31. *Ives* v. *Ashley*, 97 Mass. 198. *Burns* v. *Thayer*, 115 Mass. 89.

It is well settled, however, that this right to avoid the sale will be treated as waived unless asserted within a reasonable time. In the case at bar the sale took place in 1857, more than thir-teen years before the filing of this bill. Samuel Learned, whc was then the owner of the equity subject to the mortgage, had occupied the premises since 1853, and had paid interest semi-

annually up to June, 1856. Foster entered upon the premises before the sale, and in pursuance of the sale gave a deed of the land to Carver, who with the defendants has since been in quiet possession. The deed to Carver was duly recorded, and Learned, who has all the time lived within a mile, had knowledge of the defendants' possession. There has been no payment or offer of payment by any one on account of the mortgage debt. And nothing has been done by Learned, except to convey to the plaintiff Adelaide, by a deed delivered on the premises, in September, 1870, conveying his interest to the same, if he had any.

The plaintiff, under these circumstances, and after this lapse of time, cannot be permitted in equity to impeach the foreclosure, under which the defendants claim, upon the grounds here relied on. The fact that neither the present owner of the equity, the plaintiff in this suit, nor her grantor, Learned, had actual notice of the sale under the power, does not excuse the delay here apparent. Learned knew the terms of the power of sale under which Foster held and that no notice to him was required. He knew that there had been default of payment for many years, that Foster had entered, and that the defendants were in possession, taking the rent and profits. He had at all times the means of knowledge that the power had been executed ; he could have learned it at the registry of deeds or by inquiry of the mortgagees. There was enough to put a reasonable man upon his inquiry if there had been an intention on his part to preserve in good faith his right to redeem. He must be treated as having constructive notice of the sale. The plaintiff Adelaide is of course affected by the previous laches or acquiescence of her grantor, and it is not necessary to decide whether if this were otherwise she is in a position, by virtue of the conveyance, to exercise the mortgagor's right to avoid the sale. Perry on Trusts, § 198.

By the terms of the report this case is submitted upon the facts agreed by the parties at the hearing, no question of equity pleading was raised, and it is not open now to the plaintiff to object that this defence relied on is not set up in the answer.

As to the remaining objections : The notice of sale was not defective within the rule stated in the recent case of *Dyer* v *Shurtleff*, 112 Mass. 165.

It is no objection to the validity of the sale that no affidavit of the sale was ever recorded. *Field* v. *Gooding,* 106 Mass. 310.

There is nothing to show that the entry of Foster in 1870, made in the presence of two witnesses, for the purpose of foreclosure was intended as a waiver or abandonment of the rights acquired by the previous sale under the power. Without such intention it can have no such effect. The fact stated is equally consistent with a desire to avoid in the future any such question as is here raised. There is nothing in the act which shows an intention to open the foreclosure, or to treat the land as only security for a present existing debt. Nor is the act, as in *Fay* v. *Valentine,* 5 Pick. 418, inconsistent with a previous incompleted attempt at foreclosure. *Bill dismissed with costs.*