FRANCISCO J. DA SILVA *vs.* EDWIN J. TURNER.

SAME *vs.* RUTHA E. SHACKFORD & others.

Suffolk. January 24, 1896. — June 16, 1896.

Present: FIELD, C. J.; ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Equity Practice — Mortgage — Payment before Maturity — Tender — Validity of Sale under Power — Sufficiency of Notice of Sale — Execution of Power of Sale — Right of Redemption.*

A master, to whom a suit in equity has been referred under a rule which directs him "to hear the parties and their evidence, to find the facts, and report the same to the court," is not bound to report the evidence; and it is within the discretion of a single justice of this court to decline to order the evidence or any part of it to be reported.

Where a motion to recommit a suit in equity to a master is made for the purpose of a further hearing upon a point which was not fully passed upon by the master, if this point is not, in the view of the case taken by this court, deemed material, the motion will be held to have been properly denied.

The findings of a master, to whom a suit in equity has been referred, on matters of fact, cannot be revised by this court, if the evidence is not reported.

If the condition in a mortgage of land is the payment of a certain sum in three years from date, with interest payable semiannually, and with the privilege of paying a certain portion of the principal when interest is due, the mortgagee is

not bound to accept payment of the principal, or any part thereof, before the expiration of the three years, except when interest is due.

If there is a breach of the condition in a mortgage of land, the mortgagor may prevent a foreclosure for such breach by making a valid tender of the sum due, but this cannot prevent a foreclosure for a subsequent breach, or for a prior breach, for which no tender is made.

A tender, by a mortgagor of land, of the amount of a tax thereon to the person who has acquired the title under a sale for non-payment of the tax and also under a foreclosure of the mortgage for breach of condition, is ineffectual, under Pub. Sts. c. 12, § 49, and St. 1888, c. 390, § 57.

If the notice of sale under a power of sale in a mortgage states that the premises will be sold "for breach of the condition of said mortgage," a statement in the affidavit of sale included in the deed to the purchaser, that the sale was for "non-payment of interest and taxes," when the interest had been paid, will not make the sale invalid.

A notice of sale under a power of sale in a mortgage need not name those who have acquired an interest in the estate from the mortgagor since the mortgagee's title accrued; nor is it necessary that such notice should state for what breach of condition the land is to be sold.

A mortgage of land was given for $2,500, of which $1,050 only was advanced, but the balance was paid by the mortgagee in an action brought by a creditor of the mortgagor against him, in which the mortgagee was summoned as trustee, after deducting the interest due. The land was afterwards sold under a power in the mortgage for breach of condition. *Held*, that the notice of sale, stating that the mortgage was for $2,500, was sufficient.

If a mortgagee of land, in executing a power of sale in the mortgage, does everything which is required by the mortgage, this is sufficient as against a purchaser for value who acts in good faith and has had no notice of a want of care on the part of the mortgagee.

A. recovered judgment in an action against B., who had given a mortgage of land to C., who had advanced a portion only of the amount of the mortgage. The judgment was partly satisfied by C., who was summoned as trustee in the action, leaving a balance due. For this balance the execution was levied on the equity of redemption in the land, and the equity was sold to A. for a sum which was the balance of the execution, with the expenses of the levy and sale, and a deed was duly executed to him therefor. The land was afterwards sold under a power in the mortgage for breach of condition thereof. *Held*, that B. could maintain a bill in equity, under Pub. Sts. c. 172, §§ 32–44, against A. to redeem from the sale under the execution, and, if there was any surplus remaining in the hands of the mortgagee over the mortgage and the expenses of sale, B., by redeeming, would have an interest in it; and that a second mortgage upon the land given by B. would take precedence of B.'s right on redeeming the equity of redemption.

Two BILLS IN EQUITY, filed September 13, 1894, the first to redeem a parcel of land in Boston from a sale on execution, and the second to redeem the same parcel from a mortgage, and, by an amendment to the bill, to redeem the land from a tax sale. The cases were heard together, before *Knowlton*, J., who ordered a decree in each case confirming the report of a master to whom

the cases had been referred, and dismissing the bill, with costs; and the plaintiff appealed to the full court. The facts appear in the opinion.

*F. A. Perry*, for the plaintiff.

*W. H. H. Emmons & J. M. Gove*, for the defendants.

LATHROP, J. The cases were referred by a justice of this court to a master, under a rule which directed him "to hear the parties and their evidence, to find the facts, and report the same to the court." On the coming in of the master's report, the plaintiff moved that the master be directed to report to the court the evidence taken before him. This motion was denied. A motion was then made to recommit the report to the master for further findings of fact. This motion was also denied. Several objections and exceptions were taken by the plaintiff to the report, which were overruled. Decrees were then made dismissing each bill, with costs; and the plaintiff appealed to this court.

1. The master, under the rule, was not bound to report the evidence; and it was within the discretion of the single justice of this court to whom the motion was made to decline to order the evidence, or any part of it, to be reported. *Bowers* v. *Cutler*, 165 Mass. 441, and cases cited.

2. The motion to recommit to the master, was for the purpose of a further hearing upon a point which was not fully passed upon by the master; but as this point is not in our view of the case material, as will appear later, the motion to recommit was properly denied.

3. Some of the objections and exceptions of the plaintiff relate to findings of the master on matters of fact. These we cannot revise, as the evidence is not before us.

4. The other questions arising in the case are fully presented by the master's report, and these we proceed to consider.

The mortgage which the plaintiff by his bill seeks to redeem, the master finds was never in fact executed by the plaintiff, and that the defendants claim through another mortgage executed by the plaintiff. The right to redeem the last mentioned mortgage was considered by the master, as an amendment might possibly be made or a new bill filed; and, as the parties have argued the case in relation to what has been found by the master to be the only mortgage executed, we proceed to consider the case in this aspect.

The facts as found by the master are these. On July 31, 1891, the plaintiff executed a mortgage of the land in question, (which was described as being in that part of Boston called East Boston, and was further described by metes and bounds,) to Rutha E. Shackford, in consideration of the sum of $2,500. The condition was the payment of the sum of $2,500 in three years from date, with interest at the rate of six per cent per annum, payable semiannually, and with the privilege of paying one hundred dollars or more of the principal when interest was due. There was also a condition to pay taxes and assessments. The mortgage contained a power of sale authorizing the mortgagee to sell the premises for any breach of condition," by public auction in said East Boston, first publishing a notice of the time and place of sale once each week, for three successive weeks, in some one newspaper published in said Boston," and to " convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple." It was further provided that such sale should forever bar the mortgagor and all persons claiming under him from all right and interest in the premises, whether at law or in equity.

The plaintiff did not pay the taxes assessed upon the premises for the year 1892, and on October 12, 1893, they were sold by the collector of taxes for the city of Boston to one Cook.

The fact that the taxes had not been paid constituted a breach of the condition of the mortgage, and in October, 1893, the mortgagee, for breach of condition, advertised the premises for sale in a weekly newspaper published in East Boston, having a circulation of at least twenty-five hundred copies a week, according to the terms of the power. On November 6, 1893, the estate was sold by a duly licensed auctioneer to one Wilder, the only bidder therefor, and a deed was executed to him by the mortgagee, which was duly recorded on November 11, 1893. The master has found that Wilder was merely a nominal purchaser, and paid nothing, and we assume that he stands in no better position than the mortgagee. There was no positive evidence that the deed was actually delivered to Wilder, but this, since the St. of 1892, c. 256, is immaterial. On November 9, 1893, Wilder conveyed the premises to Charles Anderson and John Anderson, by deed recorded on November 11, 1893, and on the

preceding day they had conveyed to them the title of Cook under the tax sale.

The master has found that the Andersons took the deed from Wilder, and also the tax title, in good faith, for a fair consideration, namely, $3,500, and without any knowledge or suspicion of any infirmity in the title of Wilder or of Cook, if any there be; and that they entered into possession and made improvements.

The first contention of the plaintiff is that the mortgagee had no power to sell under the mortgage, for the reason that the whole of the principal and interest was tendered before the sale. The master on this point reports as follows: " The plaintiff also offered some evidence that in May, 1893, he offered to pay the mortgagee in person the whole of the principal and interest, and that she declined the same; but the evidence was so conflicting and unsatisfactory upon this point that, if such fact becomes material in the final disposition of the case, I should wish to hear the parties again upon it." It was upon this that the motion to recommit was made. We regard this as immaterial, for the reason that the mortgagee was not bound to accept payment of the principal, or any part thereof, before the expiration of three years from the date of the mortgage, except when the interest was due. Interest, by the terms of the mortgage, became due in January and July, and then only, before maturity, was the mortgagee obliged to accept the principal. No question in regard to interest arises in this case, for although there was a dispute between the parties as to a tender of interest in January and July, 1892, and in January, 1893, the master has found that in July, 1893, an agent of the mortgagee retained $300 for interest up to July 31, 1893. If there is a breach of condition, the mortgagor may undoubtedly prevent a foreclosure for such breach by making a valid tender; Weeks v. Baker, 152 Mass. 20, and cases cited; but this cannot prevent a foreclosure for a subsequent breach, or for a prior breach for which no tender is made.

The tax on the property was due by the plaintiff as early as November 1, 1892. No offer to pay this was made by the plaintiff to the mortgagee. Nor was it until June, 1894, that the plaintiff made a tender for this to the Andersons. But at this time the plaintiff had no right to redeem. Our statutes give this right only to the owner of the land or a mortgagee of record.

Pub. Sts. c. 12, § 49. St. 1888, c. 390, § 57. In June, 1894, the plaintiff had ceased to be the owner of the land, and he was never a mortgagee of record.

The notice of the sale stated that the premises would be sold "for breach of the condition of said mortgage." The affidavit of the sale included in the deed to Wilder stated that the sale was for the "non-payment of interest and taxes." The plaintiff contends that, as the interest had been in effect paid or received in the preceding July, the sale was invalid. But as there was a valid reason for the sale, we are of opinion that the statement in the affidavit of sale of an additional reason, which has turned out not to be a valid reason, does not make the sale invalid.

It is further contended that the notice should have stated the name of the second mortgagee and of the owner of the equity of redemption. While there are remarks to this effect in *Roche* v. *Farnsworth*, 106 Mass. 509, it has since been held that these were not necessary for the decision, and that "it is no part of the duty of the mortgagee to state in his notice the names of those who have acquired an interest in the estate from the mortgagor since the mortgagee's title accrued." *Dyer* v. *Shurtleff*, 112 Mass. 165, 170. *Learned* v. *Foster*, 117 Mass. 365.

Another objection is that the notice did not state for what breach of condition the land was to be sold. But it was not necessary that the notice should so state. *King* v. *Bronson*, 122 Mass. 122, 127.

It is also urged that the notice stated that the mortgage was for $2,500, and did not state that only $1,050 had been advanced; but while $1,050 only had been advanced in the first place, the remainder had been paid by the agents of the mortgagee in an action at law brought by a creditor of the plaintiff against him, in which they had been summoned as trustees, after deducting the interest due to July 31, 1893. The plaintiff, therefore, at the time of the notice, had received the benefit of the full amount of the mortgage, and the notice in this respect was sufficient.

The remaining objections relate to the question of good faith on the part of the mortgagee. It is contended that the notice was not sufficiently published, and that no notice was given to the mortgagor of the time and place of sale. The master has

found that the sale strictly followed the power contained in the mortgage, and was not unfairly conducted, though more notice might have been given to the public and the mortgagor.

The mortgagee did everything in this case which was required by the mortgage ; and this is sufficient as against a purchaser for value, who acts in good faith and has had no notice of a want of due care on the part of the mortgagee. *Stevenson* v. *Hano*, 148 Mass. 616. While a mortgagee who undertakes to execute a power of sale is bound to exercise good faith, and carefully to regard the interest of the mortgagor, yet a stranger to the proceedings, finding them regular in form, and purchasing in good faith, for a valuable consideration, is not affected by unfaithfulness on the part of the mortgagee. *Montague* v. *Dawes*, 12 Allen, 397. *Burns* v. *Thayer*, 115 Mass. 89. *Dexter* v. *Shepard*, 117 Mass. 480, 485.

5. In the first case, it appears that on July 3, 1893, the defendant Turner recovered judgment in an action at law against the plaintiff for $1,388.58. This was partly satisfied by the agents of the plaintiff, who were summoned as trustees, as above stated, leaving still due the sum of $267.83. For this balance, the execution was levied on the equity of redemption in the mortgaged estate, and on September 16, 1893, this equity of redemption was sold to the defendant Turner for the sum of $335, being the balance of the execution, with the expenses of the levy and sale ; and a deed was duly executed to him therefor, which he still holds. The bill to redeem from this sale was filed September 13, 1894.

We see no reason why this bill may not be maintained. It is framed under the Pub. Sts. c. 172, §§ 32–44. If the plaintiff does redeem, he can have no rights in the land, for the sale and conveyance under the power of sale contained in the mortgage cut off all such rights. But if there was any surplus remaining in the hands of the mortgagee, over and above the mortgage and the expenses of sale, the plaintiff by redeeming would have an interest in it. *Johnson* v. *Cobleigh*, 152 Mass. 17.

A second mortgage upon the land was also given by the plaintiff to one Manuel J. da Silva, on February 6, 1893. This mortgage was by the sale of the land under the power contained in the first mortgage converted into an equitable lien.

*Washburn* v. *Tisdale,* 143 Mass. 376.   And it would take precedence of the plaintiff's right on redeeming the equity of' redemption.

Whether the plaintiff would gain anything by redeeming, we are not called upon to consider, but merely whether he has a right to maintain the suit; and we are of opinion that he has.

The result is, that in the first case the decree for the defendant must be reversed, and the case stand for further hearing as to the amount to be paid by the plaintiff, before he is entitled to redeem.   In the second case, the decree for the defendants is affirmed.                                           *So ordered.*