Swan, P.J.
Yvette Jocelyn (“Jocelyn”) defaulted on a mortgage on her house at 31 Union Street in Everett (“premises”). The mortgagee foreclosed, and later sold the premises to Alberto Valle (“Valle”), who proceeded to evict Jocelyn in summary process. After a trial, a jury returned a verdict for Valle for possession of the premises, and judgment entered. Jocelyn has appealed from the judgment, alleging that the trial judge erroneously denied her motion for judgment notwithstanding the verdict on (he ground that Valle failed to prove his title to the premises.
“In reviewing the denial of [a] motion for judgment notwithstanding the verdict, the same standard applies as would apply to a review of a motion for a directed verdict. ...’’Abraham, v. City of Woburn, 383 Mass. 724, 727 (1981). Indeed, the making of a motion for a directed verdict at the close of an opponent’s evidence is a prerequisite for a motion for judgment notwithstanding the verdict. Mass. R. Civ. R, Rule 50(b). Jocelyn made a timely motion for a directed verdict, which the judge heard at an “indiscernible” sidebar conference. We assume that the motion was denied, since Jocelyn then presented evidence. On a denial of a motion for directed verdict, and thus of a motion for judgment notwithstanding the verdict, “the test is whether ‘anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.’” Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972), quoting Kelly v. Railway Express Agency, Inc., 315 Mass. 301, 302 (1943).
The issue in contention was the propriety of Valle’s title arising from the foreclosure process, and specifically whether the mortgagee gave Jocelyn the statutory notice of the foreclosure sale under G.L.c. 244, §14. That statute provides, in relevant part, that notice be “sent by registered mail to the owner or owners of record of the equity of redemption as of 30 days prior to the date of sale, said notice to be mailed by registered mail at least 14 days prior to the date of sale to said owner or owners ... to the last address of the owner or owners of the equity of redemption appearing on the records of the holder of the mortgage, if any, or if none, to the address of the owner or owners as given on the deed.” Id. Valle’s evidence at trial on this issue *179 came in the form of testimony of Daniel Bartlett (“Bartlett”), a real estate title examiner, who opined as to documents on record and their significance and concluded that Valle received clear title to the premises.[2] According to this evidence, Jocelyn purchased the premises in November, 2005, and granted a mortgage to Aames Funding Corporation, d/b/a Aames Home Loan, which in turn assigned the mortgage to Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Aames Mortgage Investment Trust 2006-1, Mortgage Backed Notes (“Deutsche Bank”). In the portion of his title report relating to the foreclosure, Bartlett relied on an affidavit executed by Adam Shields (“Shields”), the document control officer of Deutsche Bank’s attorney in fact. The affidavit stated that Deutsche Bank caused to be published a notice of sale for three successive weeks in a newspaper purporting to be published in Everett; that Shields complied with the exercise of the power of sale prescribed by G.L.c. 244, §14 and the mortgage; and that the required statutory notices were sent by certified mail. Shields concluded in his affidavit that at the noticed time and place, Deutsche Bank sold the premises at public auction to the highest bidder, namely, itself, for $271,430.00. A foreclosure deed was executed and recorded, and thereafter, Deutsche Bank sold the premises to Valle for $150,000.00. The deed for that sale was executed and recorded as well. Valle served a notice to quit on Jocelyn two weeks later.[3]
“Challenging a plaintiffs entitlement to possession has long been considered a valid defense to a summary process action for eviction where the property was purchased at a foreclosure sale.” Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011). Failure to comply with the statutory power of sale voids the foreclosure sale and any grant arising from it. U.S. Bank Nat'l Ass’n v. Ibanez, 458 Mass. 637, 646-647 (2011). Here, Bartlett opined as to documents showing a chain of title from Jocelyn ultimately to Deutsche Bank, followed by a foreclosure sale evidenced by an affidavit of Shields as to his actions and those of Deutsche Bank. On its face, the affidavit followed the required format for such an affidavit as set forth in G.L.c. 244, §15, and Form 12 in the Appendix to G.L.c. 183. In the affidavit, Shields specifically stated that the required notices were sent by certified mail at least 14 days prior to the sale, as mandated by G.L.c. 244, §14.[4]The affidavit of sale under G.L.c. 244, §15 is “evidence that the power of sale was duly executed.” Federal Nat'l Mtge. Ass’n v. Hendricks, 463 Mass. 635, 641 (2012), quoting G.L.c. 244, §15, and citing Silva v. Turner, 166 Mass. *180 407,412 (1896). While Jocelyn testified that she received no notice, the jury was not obliged to believe her, and by its verdict, instead relied on Bartlett’s opinion, which in turn was based on Shields’s affidavit. The motion for judgment notwithstanding the verdict was properly denied.
Included within Jocelyn’s posttrial motion was a motion for a new trial. “Ruling on a motion for a new trial presents a limited question of fact, because the judge should not decide the case as if sitting without a jury; rather, the judge should only set aside the verdict if satisfied that the jury ‘failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.’” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (1989), quoting Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948). Jocelyn now argues for the first time on appeal that the jury could not have understood or followed the judge’s instruction. The judge charged the jury that it was Valle’s burden to prove that the “title was acquired strictly according to the power of sale,” this after the jury had heard testimony from a title examiner as to the how the power was exercised. The trial transcript records no objection to the charge. “No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.” Mass. R. Civ. R, Rule 51(b). There is nothing to indicate that the jury misunderstood the law. Moreover, “the grant or denial of a new trial will be disturbed only if there has been an abuse of that discretion.” Robertson, supra at 520-521. We find no abuse.
For future guidance, we address one matter mentioned in passing in footnote 2 but not raised on appeal. Bartlett was an expert witness on the question of title. The documents on which he relied for his opinion regarding the foreclosure — namely, the foreclosure deed, G.L.c. 244, §15 affidavit of Shields, Land Court judgment, power of attorney, and certificate of entry — were offered into evidence during his testimony on direct examination by Valle’s counsel. When the first one was offered, Jocelyn’s attorney objected. A sidebar conference followed, but, unfortunately, it is designated as “indiscernible” in the trial transcript. After the sidebar, the judge overruled the objection and gave a “cautionary instruction” to the jury that the document was not admitted into evidence, that it was not admitted for the truth of the matter asserted in it, and that it was admitted “as to whether or not this witness can testify as to whether it complies with the statutory... power of sale.” No objection was made to this instruction. For the most part, this sequence occurred with the subsequent documents — objection, overruled with a limiting instruction, no further objection. As above noted, the examiner stated that the statutory notice requirement was complied with, and over objection, gave his opinion that, based on his research and report, Valle received clear title to the property. During his instructions, the judge, without objection, stated that the documents were in evidence and would go into the deliberation room. They are all reproduced in the record appendix.
The documents should not have been received into evidence in this manner. Rather, without producing the documents, Bartlett should have testified, as he did, what the foreclosure procedure entails, including the notice requirement, and that, based upon his review of recorded instruments, Valle, in his opinion, received clear title. On the direct examination of an expert witness, there is a “distinction between an expert’s opinion on the one hand and the hearsay information that formed the *181 basis of the opinion on the other, holding the former admissible and the latter inadmissible.” Commonwealth v. Greineder, 464 Mass. 580, 584 (2013). An “expert may testify in terms of opinion or inference and give reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.” Mass. G. Evid. §705 (2014). See Department of Youth Servs. v. A Juvenile, 398 Mass. 516, 532 (1986). Here, there was no cross-examination. If documents were to be introduced, the correct practice would have been to follow or precede the experfs testimony with the introduction of independently admissible copies of the documents certified by the registry of deeds, pursuant to G.L.c. 36, §17 and G.L.c. 233, §79A. Mass. G. Evid. §902 (d) (2014). However, as the issue was neither preserved for nor raised on appeal, we assess no error. Moreover, the opinion of title by a qualified title examiner was properly received.
Judgment affirmed.

 As discussed more fully below, the documents were received into evidence by the trial judge with the instruction that the statements in them were not received for their truth but for the basis of Bartlett’s opinion. They are reproduced in the record appendix, and we note their substance in light of that opinion. Through Bartlett’s testimony, Valle also introduced documents relating to the back title to the premises preceding Jocelyn’s acquisition, none of which is contested.

 The notice to quit and the subsequent summary process summons and complaint and the ensuing judgment were directed at Jocelyn and two other occupants of the premises, but only Jocelyn is a party to this appeal.

 While G.L.c. 244, §14, requires that the notice be sent by registered mail, G.L.c. 4, §7, Forty-fourth, states, ‘“Registered mail’, when used with reference to the sending of notice or of any article having no intrinsic value shall include certified mail.”